CSD 1251 [05/10/00]

FILED

JUN 3 0 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

FILED

June 16, 2008

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re<br>North Plaza, LLC<br><br>                                Debtor. | BANKRUPTCY NO.  04-769-PB11 |
| Angela C. Sabella, Dynamic Finance Corporation<br>(Appellants) | '08 CV 1194 J CAB |
| v.<br>Richard Kipperman (Appellee) | BK APPEAL NO.    2<br>ASSIGNED TO JUDGE  Peter W. Bowie |

### NOTICE OF REFERRAL OF APPEAL TO BANKRUPTCY APPELLATE PANEL
### COMBINED WITH SERVICE OF NOTICE OF APPEAL

TO:    Michael Gerard Fletcher, Esq., Frandzel Robins Bloom & Csato, L.C., 6500 Wilshire Blvd., Seventeenth Floor, Los Angeles, CA 90048-4920
Ali M. M. Mojdehi, Esq., Baker & McKenzie LLP, 12544 High Bluff Drive, Third Floor, San Diego, CA 92130-3051
United States Trustee, Dept. of Justice, 402 W. Broadway, Ste. 600, San Diego, CA 92101

NOTICE IS HEREBY GIVEN that a Notice of Appeal has been filed by <u>Angela C. Sabella, Dynamic Finance Corporation</u> with the Clerk of the Bankruptcy Court. By virtue of orders of the Judicial Council of the Ninth Circuit and the District Court for this district, the above appeal has been referred to the United States Bankruptcy Appellate Panel of the Ninth Circuit (BAP).

Any party desiring to object to such referral must do so in conformity with the foregoing orders and their provisions for reference to the BAP, a copy thereof being hereto attached.

For further information, you may contact the Clerk of the United States Bankruptcy Appellate Panel at 125 S. Grand Avenue, Pasadena, California 91105 or by calling (626) 229-7225.

I hereby certify that on this date copies of the Notice of Appeal and the within Notice of Referral were mailed to the above-named person(s).

DATED: June 16, 2008                    Barry K. Lander, Clerk


                                        By: _____, Deputy Clerk
                                            Kurt Herbold

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

BAP# SC-08-1152

(619) 557-5620                                                    FAX: (619) 557-5536

**T R A N S M I T T A L   M E M O R A N D U M**

RECEIVED
Harold S. Marenus, Clerk
U. S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

JUN 18 2008

To:      BANKRUPTCY APPELLATE PANEL OF THE NINTH CIRCUIT
         125 S. Grand Avenue
         Pasadena, California 91105

FILED____
DOCKETED 6/23/08 YW
DATE          INITIAL

From:                              BARRY K. LANDER, Clerk  District/Office No. 974-3

| CASE NAME | | BANKRUPTCY NO.<br><br>04-769-PB11 |
|---|---|---|
| | | ADVERSARY NO. |
| North Plaza, LLC | | APPEAL NO.<br><br>2 |
| | | BANKRUPTCY JUDGE<br><br>Peter W. Bowie |
| | | DATE BANKRUPTCY FILED<br><br>1/28/04 |

| DATE OF ENTRY OF APPEALED ORDER: | NOTICE OF APPEAL FILED ON: | FEE PAID: | NOTICE OF REFERRAL TO BAP MAILED ON: |
|---|---|---|---|
| 6/2/08 | 6/9/08 | YES | June 16, 2008 |

DATED: June 16, 2008                    Barry K. Lander, Clerk


By: _Kurt Herbold_ , Deputy Clerk
    Kurt Herbold

CSD 1252
BAP

(1)

1   Ali M.M. Mojdehi, State Bar No. 123846
    Janet D. Gertz, State Bar No. 231172
2   **BAKER & McKENZIE LLP**
    12544 High Bluff Drive, Third Floor
3   San Diego, CA  92130-3051
    Telephone:  +1 858 523 6200
4   Facsimile:  +1 858 259 8290

5   Counsel for Chapter 11 Trustee,
    Richard M Kipperman

6

7

8                   UNITED STATES BANKRUPTCY COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  In re:                                  Case No.04-00769 PB11

12  NORTH PLAZA, LLC,                       Bankruptcy Appeal No. 2
    a California Limited Liability Company,
13                                          Chapter 11
                        Debtor
14                                          **ELECTION TO HAVE MATTER
                                            HEARD BY DISTRICT COURT**
15

16

17       Richard M Kipperman, Chapter 11 Trustee, respectfully elects pursuant to 28 U.S.C.

18  §158(c)(1)(B) to have the appeal taken from the Order on Trustee's Motion to Compel Discovery

19  from Isaac Lei/The Alcon Group, dated May 30, 2008, heard by the United States District Court,

20  Southern District of California.

21

22  Dated:  June 25, 2008            BAKER & McKENZIE LLP

23

24                                   By: /s/ Ali M.M. Mojdehi

25                                       Ali M.M. Mojdehi
                                         Janet D. Gertz
26                                       Counsel for Chapter 11 Trustee,
                                         Richard M Kipperman
27

28

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/690888.1

1

CASE NO 04-00769-PB11
ELECTION TO HAVE MATTER HEARD BY DISTRICT COURT

RECEIVED
Harold S. Marenus, Clerk
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

JUN 2 6 2008

FILED_____
DOCKETED_____
                  DATE        INITIAL

FILED

JUN 3 0 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

1  Michael Gerard Fletcher (State Bar No. 070849)
      mfletcher@frandzel.com
2  Tricia L. Legittino (State Bar No. 254311)
      tlegittino@franzel.com
3  FRANDZEL ROBINS BLOOM & CSATO, L.C.
   6500 Wilshire Boulevard
4  Seventeenth Floor
   Los Angeles, California 90048-4920
5  Telephone: (323) 852-1000
   Facsimile: (323) 651-2577
6
   Attorneys for Appellants Angela C. Sabella and
7  Dynamic Finance Corporation

RECEIVED
Harold S. Marenus, Clerk
U. S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

JUN 18 2008

FILED_____
DOCKETED_____
                DATE        INITIAL

8              **UNITED STATES BANKRUPTCY COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10  In re                                CASE NO.  04-00769-PB 11

11  NORTH PLAZA, LLC,                    Chapter 11

12              Debtor.
                                         **NOTICE OF APPEAL**
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

526463.1                        1                            33360-036
                          NOTICE OF APPEAL

# WRITTEN DECISION - NOT FOR PUBLICATION

ENTERED _____

FILED

MAY 3 0 2008

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re                          )    Case No.  04-00769-PB11
                               )
NORTH PLAZA, LLC,              )    ORDER ON TRUSTEE'S MOTION
                               )    TO COMPEL DISCOVERY FROM
                Debtor.        )    ISAAC LEI/THE ALCON GROUP
_____)

     Richard Kipperman, chapter 11 Trustee ("Trustee") of the
estate of North Plaza, LLC ("Debtor") seeks discovery consisting
in part of communications between Isaac Lei/The Alcon Group
(collectively "Lei") and counsel for Dynamic Finance Corporation
("Dynamic") and Angela Sabella ("Sabella") (referred to at times
collectively "Sabella").  Sabella objected to the discovery on
the ground that Lei was serving as her "client representative"
and hence the information was protected by the attorney-client
privilege.  The Trustee brought a motion to compel, which is
before the Court.

     The Court, having conducted an evidentiary hearing and
reviewed the authorities cited by the parties, determines that

EXHIBIT ___1___

1     NOTICE IS HEREBY GIVEN that appellants Angela C. Sabella ("Sabella") and Dynamic

2 Finance Corporation ("Dynamic") hereby appeal to the United States Bankruptcy Appellate Panel

3 of the Ninth Circuit under 28 U.S.C. § 158 from the Order of the United States Bankruptcy Court

4 for the Southern District of California dated May 30, 2008, and entered June 2, 2008, [Docket No.

5 772] whereby the Bankruptcy Court granted the Trustee's Motion to Compel Discovery from Isaac

6 Lei/The Alcon Group, a copy of which is attached hereto as Exhibit 1.

7     NOTICE IS HEREBY FURTHER GIVEN that the names of the interested parties to this

8 appeal from the Order, and the names, addresses and telephone numbers of the parties and/or their

9 respective attorneys are set out in the attached certificate of service.

10

11

12                         Respectfully submitted,

13 DATED: June 9, 2008             FRANDZEL ROBINS BLOOM & CSATO, L.C.
                        MICHAEL GERARD FLETCHER

14                         TRICIA L. LEGITTINO

15

16

17

18                     By:   /s/ Michael Gerard Fletcher
                           MICHAEL GERARD FLETCHER

19                            Attorneys for Appellants Angela C. Sabella and
                         Dynamic Finance Corporation

20

21

22

23

24

25

26

27

28

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 652-1000

526463.1                          2                       33360-036

1  Lei was not serving as "client representative" of Sabella for the

2  purposes of the attorney-client privilege.  The "client

3  representative" extension of the attorney client-privilege does

4  not extend so far as to cover Lei under the facts of this case.

5  Accordingly, the Trustee's motion to compel is granted over the

6  objection by Sabella on the ground of attorney-client privilege.

7

8                                **FACTS**

9       Pursuant to Rule 2004 and this Court's Order dated September

10 19, 2006, the Trustee served the subpoenas to Alcon Group Inc.,

11 Custodian of Records of Alcon Group, Inc., and Isaac Lei on

12 February 16, 2007.  Under the subpoenas, Alcon and Lei were

13 requested to appear and produce documents on March 2 and 5, 2007.

14 On February 26, 2007, Lei served the Trustee with an Objection to

15 the Subpoenas, which raised several objections including that

16 Lei's communications with counsel for Sabella were protected by

17 the attorney-client privilege because Lei was serving as "client

18 representative" of Sabella.[1]

19       The Trustee filed a motion to compel responses from Lei.

20 After substantial briefing and a lengthy evidentiary hearing, the

21 Court took the matter under submission.  For the reasons set

22 forth below, the Court finds that Lei was not acting as a "client

23 representative" of Sabella, and is thus not covered by her

24 attorney-client privilege.

25 ─────────────────────────

26 [1] Although the objection was filed by Lei, counsel for Lei explained that Lei would not be participating substantively in the matter – that it was "going to be a Dynamic Sabella show..." See Transcript dated January 29, 2008, at 18:4-5.

                                    2

1                          **DISCUSSION**

2         "Parties may obtain discovery regarding any nonprivileged

3    matter that is relevant to any party's claim or defense ...."

4    Fed.R.Civ.P. 26(b)(1).  Thus, a discovery request is

5    objectionable under Rule 26(b)(1) if it requests information

6    which is privileged.

7         In deciding whether a particular case presents facts which

8    warrant the recognition and application of a privilege, certain

9    principles apply.  Foremost among these is the "fundamental

10   maxim," recognized "[f]or more than three centuries, ... that the

11   public ... has the right to every man's evidence."  United States

12   v. Bryan, 339 U.S. 323, 331, 70 S.Ct. 724, 94 L.Ed. 884 (1950).

13   Thus, a court shall start "'with the primary assumption that

14   there is a general duty to give what testimony one is capable of

15   giving, and that any exemptions which may exist are distinctly

16   exceptional, being so many derogations from a positive general

17   rule.'"  Id., at 323.  "Because the privilege 'stands in derogation

18   of the public's "right to every man's evidence, ... it ought to

19   be strictly confined within the narrowest limits consistent with

20   the logic of its principle."'"  In re Grand Jury Subpoenas Dated

21   January 20, 1998, 995 F.Supp. 332, 337 (1998) (citations

22   omitted.)  It is the party seeking an exception from this

23   principle that bears the burden of establishing the existence of

24   a privilege and its applicability to a particular case. See,

25   ///

26   ///

                                 3

1  e.g., <u>United States v. International Bhd. of Teamsters</u>, 119 F.3d

2  210, 214 (2d Cir.1997).[2]

3      The attorney-client privilege prevents disclosure of a

4  communication from a client to a lawyer, where that

5  communication:

6      relates to a fact of which the attorney was informed
        (a) by his client (b) without the presence of strangers
7      (c) for the purpose of securing primarily either (i) an
        opinion on the law or (ii) legal services or (iii)
8      assistance in some legal proceeding, and not (d) for
        the purpose of committing a crime or tort; and (4) the
9      privilege has been (a) claimed and (b) not waived by
        the client.

10

11  <u>United States v. United Shoe Machinery Corp.</u>, 89 F.Supp. 357, 358

12  (D.Mass.1950); <u>Colton v. United States</u>, 306 F.2d 633, 637 (2d

13  Cir.1962).

14      There is no statutory definition of the attorney-client

15  privilege in the Federal Rules of Evidence (FRE). However,

16  proposed FRE 503 (also referred to as Supreme Court Standard 503)

17  provides guidance which has been used by courts in defining the

18  privilege. The most relevant aspect of Standard 503 is its

19  statement of the general rule:

20      A client has a privilege to refuse to disclose and to
        prevent any other person from disclosing confidential
21      communications made for the purpose of facilitating the
        rendition of professional legal services to the client,
22      (1) between himself or his representative and his
        lawyer or his lawyer's representative, or (2) between
23      his lawyer and his lawyer's representative, or (3) by
        him or his lawyer to a lawyer representing another in a
24      matter of common interest, or (4) between

25  _____

26  [2] Counsel for Sabella acknowledges that she has the burden of establishing that Lei is a
    "client representative" because she is the one asserting the attorney-client privilege. See
    Transcript dated January 29, 2008, at 14:12-17.

4

1   representatives of the client or between the client and
    a representative of the client, or (5) between lawyers
2   representing the client.

3   Supreme Court Standard 503(b).

4        Supreme Court Standard 503 does not define "representative."

5   However, Uniform Evidence Rule 502(a)(4) also explains that

6   communications between an attorney and a client and a client's

7   representative can be protected.[3]  Uniform Rule of Evidence

8   502(a)(4) defines "client representative":

9        "Representative of the client" means a person having
         authority to obtain professional legal services, or to
10       act on legal advice rendered, on behalf of the client
         or a person who, for the purpose of effectuating legal
11       representation for the client, makes or receives a
         confidential communication while acting in the scope of
12       employment for the client.

13       The parties to this dispute agree that, as to the law within

14   the Ninth Circuit, the case of <u>Memry Corp. v. Ky. Oil Tech., NV.</u>,

15   2007 U.S. Dist. LEXIS 3094 (N.D.Cal. 2007), adopting the Eighth

16   Circuit decision in <u>In re Bieter Co.</u>, 16 F.3d 929, 937 (8th Cir.

17   1994), best sets forth the inclusion of "client representatives"

18   within the attorney-client privilege, at least where the client

19   is a corporation.

20       As stated above, the attorney-client privilege is an

21   exception to the general rule that all information is

22   discoverable, and is thus to be applied narrowly.  It is

23   generally destroyed if the client discloses the communications to

24   third parties.  The "client representative" concept is a limited

25

26   [3]  Uniform Evidence Rule 502 has been described as "a clear statement of the scope of
     the privilege as now generally accepted." McCormick on Evidence, (6th Ed. 2006).

                                    5

1  extension of the attorney-client privilege to third parties to
2  whom communications are disclosed if such disclosure is necessary
3  for the client to obtain legal services.  This extension, in
4  turn, must also be applied narrowly within the limits of its
5  purpose.

6      Case law shows the "client-representative" to be applicable
7  in two distinct situations.  The first is where the client is a
8  corporation and requires communication on its behalf.  See e.g.
9  Memry and Bieter.  The second is where an individual is in some
10 unique position requiring another to intervene between she and
11 counsel.

12     In Bieter, the court specifically extended the reach of the
13 test it had adopted in Diversified Indus., Inc. v. Meredith, 572
14 F.2d 596 (8th Cir. 1977), from corporations to partnerships and
15 other such entities.  However, the court drew the line at
16 individuals:

17          The test we adopted in Diversified, although expressly
            applicable to corporations and their employees, is not
18          less instructive as applied to a partnership, or some
            other client entity (as opposed to an individual), and
19          its employees...."

20 Bieter, 16 F.3d at 935.

21     Having considered the evidence produced, the Court
22 determines that the line of cases which governs this dispute are
23 those involving an individual.  The objection to the Trustee's
24 subpoenas is made in the name of "Dynamic Finance Corporation and
25 Angella C. Sabella."  However, the Court finds that with respect
26 to the lending activities in which Lei was involved, it was

6

1  Sabella the individual that was the lender/client.  Though the
2  Court is aware that Sabella conducts business at times in the
3  name of Dynamic, it is clearly her individual business and loans
4  made by her.  The testimony at the trial indicated that it was
5  Sabella who made the decision of whether to loan personally or
6  through Dynamic.  The relationship with Lei began as a personal
7  relationship between Lei and Sabella's husband.  Sabella the
8  individual extended to Lei the opportunity to make money acting
9  as loan broker.  In the view of the Court, after considering the
10 evidence, this case is about a personal relationship between
11 Sabella and Lei implemented to carry out Sabella's lending
12 business, which sometimes was funded through Dynamic.  Thus, the
13 applicable authority is those cases considering the application
14 of the "client representative" extension of the attorney-client
15 privilege to individuals.
16     In the situation of an individual, courts have recognized
17 the "client representative" extension where the individual client
18 is somehow disabled and unable to conduct their legal affairs.
19 "While individuals can speak for themselves, a corporation must
20 speak through its representatives."  Leone v. Fisher, 2006 WL
21 2982145 at 4 (D.Conn. Oct. 18, 2006).  "A private person,
22 however, generally has no need for a representative to
23 communicate with an attorney.  Only in extraordinary cases ...
24 has the attorney-client privilege been extended to the designated
25 representative of an individual client."  In re Grand Jury
26 Subpoenas Dated January 20, 1998, 995 F.Supp. 332, 340 (1998).

7

1   In the case of an individual, the "client representative"
2   exception was held to apply to communications between counsel for
3   a college student involved in a life-threatening accident and his
4   parents where the client's "injuries and the comprehensive
5   medical interventions necessary to treat those injuries inhibited
6   plaintiff from independently seeking legal counsel." See
7   Hendrick v. Avis Rent a Car Sys., Inc., 944 F.Supp. 187, 189
8   (W.D.N.Y. 1996).

9   The extension was also applied to a mother's communications
10  with counsel on behalf of her son who was incarcerated.
11  Gerheiser v. Stephens, 712 So.2d 1252, 1254 (Fla.App. 1998).
12  Also, communications between the parents of a minor child and the
13  child's attorney.  Grubbs v. K Mart Corp., 411 N.W.2d 477, 480
14  (Mich.Ct.App. 1987).  In each situation, the communication
15  between counsel and the representative was necessitated by the
16  client's inability, temporary or otherwise, to seek legal
17  counsel.

18  In Leone, on the other hand, the court did not extend the
19  attorney-client privilege to communications between counsel and
20  the client's husband where there was no evidence that the client
21  could not have communicated directly with counsel herself.
22  2006 WL 2982145 at 5.

23  In the case at hand, the Court finds no reason to extend the
24  exception to cover the communications between Lei and counsel for
25  Sabella.  The parties asserting the exception have established no
26  "disability" which required Lei to communicate with counsel on

8

1  Sabella's behalf.  The evidence reveals that Sabella is an

2  experienced business woman and that she is fluent in the English

3  language.

4      As already noted, the evidence adduced at the evidentiary

5  hearing made clear that the relationship between Sabella and Lei

6  was a personal one.  But assuming, _arguendo_, that Lei had a

7  relationship with Dynamic that was not already subsumed in his

8  relationship with Sabella, the Court finds and concludes that

9  Dynamic has failed to meet its burden of establishing that Lei

10  was somehow its "client representative" for purposes of

11  invocation of the attorney-client privilege.  Lei denies he was

12  an employee of Dynamic or Sabella.  He had no equity

13  participation in any of the projects.  His only economic interest

14  was in payment of his commissions, which were payable by the

15  borrowers, not by Dynamic or Sabella.  In this Court's view, the

16  relationships of Klohs in In re Bieter Co., supra, and Van

17  Moorleghem's in Memry Corp. v. Ky. Oil Tech., NV, supra, are

18  vastly different than Lei's relationship to Dynamic.

19  Accordingly, if the Court considers Lei's relationship with

20  Dynamic separately from his relationships with Sabella (which the

21  facts do not support), the Court finds and concludes Lei's

22  relationship with Dynamic does not support a finding that he was

23  acting as a "client representative" for Dynamic for purposes of

24  shielding his communications with Sabella's (and Dynamic's) same

25  attorneys under the attorney-client privilege.

26  ///

9

**CONCLUSION**

The facts of this case do not warrant an extension of Sabella's (or Dynamic's) attorney-client privilege to communications between counsel and Lei.  Accordingly, the Trustee's motion to compel production of those records with respect to which the privilege was asserted is granted.


IT IS SO ORDERED.

DATE:    MAY 30 2008

_____

PETER W. BOWIE, Judge
United States Bankruptcy Court

10

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

In re Case No. 04-00769-B11

## CERTIFICATE OF MAILING

The undersigned, a regularly appointed and qualified clerk in the office of the United States Bankruptcy Court for the Southern District of California, at San Diego, hereby certifies that a true copy of the attached document, to wit:

ORDER ON TRUSTEE'S MOTION
TO COMPEL DISCOVERY FROM
ISAAC LEI/THE ALCON GROUP

was enclosed in a sealed envelope bearing the lawful frank of the Bankruptcy Judges and mailed to each of the parties at their respective address listed below:

**Attorney for Chapter 11 Trustee:**

Ali M. M. Mojdehi, Esq.
Baker & McKenzie LLP
12544 High Bluff Drive,
 Third Floor
San Diego, CA 92130-3051

**Attorney for Dynamic Finance and Angela Isabella:**

Michael Gerard Fletcher, Esq.
Frandzel Robins Bloom &
 Csato, L.C.
6500 Wilshire Boulevard
Seventeenth Floor
Los Angeles, CA 90048-4920

Said envelope(s) containing such document were deposited by me in a regular United States mail box in the City of San Diego, in said district on May 30, 2008.

*Barbara J. Kelly*
Barbara J. Kelly, Judicial Assistant

## PROOF OF SERVICE

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California. I am employed in the office of FRANDZEL ROBINS BLOOM & CSATO, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 6500 Wilshire Boulevard, Seventeenth Floor, Los Angeles, California 90048-4920.

On June 9, 2008, I served true copy(ies) of the **NOTICE OF APPEAL**, the original(s) of which is(are) affixed hereto, to the party(ies) listed on the attached service list.

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such document(s) were placed in envelopes addressed to the person(s) served hereunder for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

☐ **BY FACSIMILE:** At approximately _____, I caused said document(s) to be transmitted by facsimile. The telephone number of the sending facsimile machine was (323) 651-2577. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐ **BY E-MAIL:** At approximately _____, I caused said document(s) to be transmitted by electronic mail. The name(s) and e-mail addresses of the person(s) served are set forth in the service list. The document was transmitted by electronic transmission and without error.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder.

I certify under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on June 9, 2008, at Los Angeles, California.

/s/Tiffany Lok
TIFFANY LOK

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

526463.1                                                                33360-036

1

**SERVICE LIST**

2

VIA CM/ECF NOTICE OF ELECTRONIC FILING

3

- K. Todd Curry    tcurry@nugentweinman.com
- Stanley E. Goldich    sgoldich@pszyjw.com

4

- John A. Graham    jag@jmbm.com
- John L. Hosack    jhosack@buchalter.com

5

- Gerald P. Kennedy    gpk@procopio.com

6

- Richard M Kipperman    teresaj@corpmgt.com, ca82@ecfcbis.com
- Dean T. Kirby    dkirby@kirbymac.com,

7

  tfloros@kirbymac.com;jhebert@kirbymac.com;lackerman@kirbymac.com

8

- Jana Logan    jlogan@kirbymac.com, tfloros@kirbymac.com
- Martin T. McGuinn    mmcguinn@kirbymac.com,

9

  jlogan@kirbymac.com;abarrett@kirbymac.com

- Ali M.M. Mojdehi    ali.m.m.mojdehi@bakernet.com,

10

  janet.d.gertz@bakernet.com;joseph.r.dunn@bakernet.com;sam.h.aghili@bakernet.com;sde
  file@bakernet.com

11

- Terry D. Phillips    fcp@philaw.com

12

- Edward G. Schloss    egs2@ix.netcom.com
- Dan P. Sedor    dsedor@jmbm.com

13

- Gerald N. Sims    jerrys@psdslaw.com
- Scott A. Smylie    esqsas@aol.com

14

- United States Trustee    ustp.region15@usdoj.gov

15

VIA U.S. MAIL

16

Linda F. Cantor

17

Richard Pachulski
Pachulski Stang Ziehl Young et.al.

18

10100 Santa Monica Blvd., Ste. 1100
Los Angeles, CA 90067

19

20

Tiffany L. Carroll
Office of the United States Trustee

21

402 West Broadway, Suite 600
San Diego, CA 92101

22

tiffany.l.carroll@usdoj.gov

23

Stacy Elledge Chiang

24

CPA, CIRA, Director LECG, LLC
655 W. Broadway, Ste. 1300

25

San Diego, CA 92101

26

Milford W. Dahl

27

Rutan & Tucker, LLP
611 Anton Blvd, 14th Floor

28

Costa Mesa, CA 92626-1931

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

1  Linda D. Fox
2  Shepard, Mullin , Richter & Hampton
   501 West Broadway, Suite 1900
3  San Diego, CA 92101-3598

4  Sonali S. Jandial
5  Richards, Watson & Gershon
   355 South Grand Ave 40th Floor
6  Los Angeles, CA 90071-3101

7  Neil B. Katz
8  Collins, Robillard & Katz
   2377 Crenshaw Blvd., Suite 310
   Torrance, CA 90501-3325
9
10 Martha A. Mansell
   Law Offices of Martha A. Mansell
11 1522 So. Saltair Ave. Ste 302
   Los Angeles, CA 90025
12
13 Steven R. Orr
   355 S. Grand Ave, 40th Flr
14 Los Angeles, CA 90071-3101

15 Frederick C. Phillips
16 Phillips, Haskett & Ingwalson, A.P.C.
   701 "B" Street, Suite 1190
17 San Diego, CA 92101-3540

18 Edmund L. Regalia
   Miller Starr & Regalia
19 1331 N. California Blvd. Fifth Floor
   PO Box 8177
20 Walnut Creek, CA 94596

21 Martha E. Romero
22 Romero Law Firm
   6516 Bright Avenue
23 Whittier, CA 90601

24 Raymond D. Scott
25 Wheatley, Scott & Company
   1835 W. Orangewood Avenue
26 Suite 255
   Orange, CA 92868

27

28

526463.1                          3                          33360-036

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Angela C. Sabella, Dynamic Finance Corporation

## DEFENDANTS

Richard Kipperman

**FILED**

JUN 3 0 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___VNH___ DEPUTY

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael Gerard Fletcher
6500 Wilshire Boulevard, 17th Floor
Los Angeles, CA
323-852-1000

Attorneys (If Known)

**'08 CV 1194 J CAB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☒ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**28 USC 158**
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE 6/30/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr. Clerk of Court


July 11, 2008


Michael Gerard Fletcher
Frandzel Robins Bloom and Csato
6500 Wilshire Boulevard 17th Floor
Los Angeles CA

Ali MM Mojdehi
Baker and Mackenzie
12544 High Bluff Drive
San Diego CA 92130

RE:                         Dynamic Finance Corporation v Sabella
Bankruptcy Case Number:     04-00769-PB11
BAP Case Number:

You are hereby notified that the above entitled case was on 7/7/08 transferred from
the U S Bankruptcy, Souther District of CA to the U.S. District Court, Southern
District of California.   The case will now contain the case number of the Southern
District, and  the initial of the assigned Judge.  The case has been assigned to the
Honorable Napoleon A Jones Jr, and on all future filings please show the case
number as 08cv1194-J (CAB).


Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court


By: _____/s M. Marner_____
 Deputy Clerk


cc: Bankruptcy Court