1  Michael Gerard Fletcher (State Bar No. 070849)
      mfletcher@frandzel.com
2  Tricia L. Legittino (State Bar No. 254311)
      tlegittino@frandzel.com
3  FRANDZEL ROBINS BLOOM & CSATO, L.C.
   6500 Wilshire Boulevard
4  Seventeenth Floor
   Los Angeles, California 90048-4920
5  Telephone: (323) 852-1000
   Facsimile: (323) 651-2577
6
   Attorneys for Movants/Appellants
7  Dynamic Finance Corporation and Angela C. Sabella

8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  In re | District Case No. 08-CV-01194-W-CAB |
| 11  NORTH PLAZA, LLC, | Bankruptcy Court No. 04-00769-PB11 |
| 12  Debtor. | Appeal No. 2 |
| 13 | |
| 14  DYNAMIC FINANCE CORPORATION and ANGELA C. SABELLA, | **NOTICE OF MOTION AND MOTION FOR STAY PENDING APPEAL OF BANKRUPTCY COURT ORDER** |
| 15 | |
| 16           APPELLANTS,  v. | [Filed concurrently with Memorandum of Points and Authorities; Declarations of |
| 17  CHAPTER 11 TRUSTEE RICHARD KIPPERMAN, | Michael G. Fletcher and Tricia L. Legittino; and Request for Judicial Notice] |
| 18 | |
| 19           APPELLEE. | DATE:           To Be Set |
| 20 | TIME:           To Be Set  COURTROOM:  Seven |
| 21 | |
| 22 | The Honorable Thomas J. Whelan, Judge Presiding |

23

24

25

26

27

28

28928.1                                                    **08 CV-01194-W-CAB**

NOTICE OF MOTION AND MOTION FOR STAY PENDING APPEAL

1   **TO THE HONORABLE THOMAS J. WHELAN, UNITED STATES DISTRICT**

2   **COURT JUDGE, AND ALL OTHER INTERESTED PARTIES:**

3       **PLEASE TAKE NOTICE THAT**, on a date and time to be set by the Court, Movant

4   Dynamic Finance Corporation ("Dynamic") and Movant Angela C. Sabella ("Sabella" and

5   collectively with Dynamic, "Dynamic/Sabella" or "Privilege Holders"), will and hereby do move

6   this Court, pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure, for a stay

7   pending the appeal of Dynamic/Sabella of the Bankruptcy Court's Order entered June 2, 2008 (the

8   "Order") which compels production of documents and communications believed by

9   Dynamic/Sabella to be subject to the attorney client privilege.  Preserving the *status quo* by

10  staying the Order until decision is reached on the appeal is the only way to avoid significant

11  irreparable harm to the Privilege Holders with negligible prejudice to the estate.

12      On July 11, 2008 in a telephonic conference with the Court, the parties agreed to the

13  following briefing schedule of this Motion. The Trustee's Opposition is to be filed by July 16,

14  2008. The Movants' Reply is to be filed on July 21, 2008. Further, the parties agreed to voluntarily

15  stay enforcement of the Order until July 25, 2008 to allow the Court time to decide the Motion.

16  *See*, Declaration of Tricia L. Legittino filed concurrently with this Motion.

17  **MOTION TO STAY**

18  **I.**

19  **Introduction**

20      The Bankruptcy Court denied Dynamic/Sabella's Motion for Stay Pending Appeal on July

21  2, 2008.[1]  Therefore, pursuant to Federal Rule of Bankruptcy Procedure 8005, Dynamic/Sabella

22  now move this District Court for an order staying the Bankruptcy Court's Order compelling

23  production of the documents Dynamic/Sabella assert are protected from disclosure by the attorney

24

25

26  [1] Dynamic/Sabella are filing concurrently with this Motion a Request for Judicial Notice
    ("RFJN"). The Bankruptcy Court's Minute Order denying Dynamic/Sabella' Motion for Stay is
27  Exhibit 20 to the RFJN. The transcript for the Bankruptcy's Court's ruling on Dynamic's and
    Sabella's Motion for Stay is Exhibit 21 to the RFJN.

28

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

1  client privilege. [2]

2      On appeal, Dynamic and Sabella will contend that the Bankruptcy Court erred in applying

3  privilege law from other states when California law will provide the rule of decision in the

4  underlying claims and defenses. [3] As set forth more fully in the Memorandum of Points and

5  Authorities filed concurrently with this Motion, Dynamic's and Sabella's appeal is based on an

6  application of Federal Rule of Evidence 501 as well as the doctrines of comity, federalism and

7  state's rights.

8      The Court should stay the Order requiring disclosure of certain communications protected

9  by the attorney client privilege until Dynamic/Sabella's appellate remedies are exhausted. A stay is

10  proper because immediate enforcement of the Order will cause irreparable harm to

11  Dynamic/Sabella due to the production of its privileged communications. Should the Court later

12  determine that the Bankruptcy Court incorrectly compelled the turnover of the confidential

13  communications, Dynamic/Sabella will be deprived of any meaningful right of appeal as a

14  practical matter unless a stay is entered to preserve the *status quo*.

15      Dynamic/Sabella assert that maintaining the *status quo* by staying the Order pending the

16  outcome of the appeal will:  (a) avoid significant irreparable harm to Dynamic/Sabella; (b) cause

17  negligible, if any, harm or prejudice to the bankruptcy estate; and (c) re-assure California citizens

18  that the judiciary takes seriously the public's expectation of privacy when dealing with legal

19  counsel. Also, a stay is particularly appropriate because the issues addressed in the Order involve

20  substantial questions regarding comity, federalism and state's rights.  The Bankruptcy Court erred

21  in applying the privilege law of other states when California law provides the rule of decision in

22

23  [2] *See also*, 10 *Collier on Bankruptcy* ¶ 8005.10 (15th Ed) (motion for stay in District Court is
    proper procedure after a Bankruptcy Court denies a motion to stay effectiveness of order pending
24  appeal).

25  [3] Dynamic/Sabella filed their Notice of Appeal on June 9, 2008. *See*, RFJN Exhibit 14. Pursuant to
    *In Re Napster*, 479 F. 3d 1078, 1088 (9th Cir. 2007) orders vitiating claims of privilege qualify
26  under the collateral order doctrine for immediate appeals because the right of a client to preserve
    privileged communications with his or her counsel is "too important to be denied review…"

27

28

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

1  the underlying substantive claims and defenses.  Based on this, Dynamic/Sabella have a

2  substantial likelihood of prevailing on their appeal because the Bankruptcy Court applied the

3  wrong law to determine the scope of the attorney client privilege in this very specific situation.

4  These arguments are set out more fully in the accompanying Memorandum of Points and

5  Authorities.

6       By this Motion, Dynamic/Sabella request the Court grant a stay of the Bankruptcy Court's

7  Order until resolution of the already pending appeal.  This Motion is based upon the Declaration

8  of Michael G. Fletcher filed concurrently herewith, all documentary evidence filed herewith, the

9  Memorandum of Points and Authorities filed concurrently herewith, and all pleadings and papers

10  on file with the Court, and any argument presented to the Court by counsel at any hearing on the

11  Motion.

12  **II.**

13  **Ample Cause Exists for Granting this Motion.**

14       As set forth more fully in the Memorandum of Points and Authorities and the Declaration

15  of Michael G. Fletcher both filed concurrently herewith, the Privilege Holders will be substantially

16  and irreparably harmed if Lei /Alcon are compelled to divulge communications between their

17  "client representative" (and his company the Alcon Group) and their respective legal counsel are

18  compelled to be disclosed while their appeal of the Order  is pending. The Privilege Holders'

19  injury would be equally as irreparable and substantial if Lei is compelled to disclose

20  communications he had with Sabella in which they discussed either the legal advice sought or

21  obtained from Dynamic/Sabella's attorneys. Once these communications with the legal counsel are

22  disclosed, Dynamic and Sabella will have no way of "un-ringing the bell" should they be

23  successful with their appeal. Thus, a stay is necessary to preserve the confidentiality of these

24  privileged communications while the appeal of the Order is pending.

25       Conversely, the Trustee will not be substantially injured by the granting of the stay. There

26  are no exigent circumstances that would necessitate a denial of the Motion. The estate consists

27  solely of cash and there is no operating debtor or other wasting asset. The only possible "harm"

28  that would befall the Trustee if the stay is granted would be a possible delay in the review of

1    privileged documents which it would never be entitled to see in any other litigation. However,

2    mere assertion of a delay does not constitute substantial injury. *See*, *United States v. Phillip*

3    *Morris Inc.,* 314 F. 3d 612, 622 (D.C. Cir. 2003) (granting a stay pending appeal, noting that

4    although the government argues that a stay would delay the trial schedule set by the district court

5    and harm the government's ability to conduct discovery in the case…[a ] mere assertion of delay

6    does not constitute substantial harm"). Further, the Bankruptcy Court in it's ruling denying

7    Dynamic/Sabella's Motion for Stay specifically said, "I do agree, in the abstract, that the context

8    of this case, you know, as long as it's taken up to this point in time, is not going to impose

9    irreparable harm to the Trustee to have to await the results of an appeal." RFJN P. 308.

10          Dynamic/Sabella respectfully submit that the Bankruptcy Court erred in reaching its

11   decision not to stay its Order pending appeal by over-emphasizing the likelihood of success

12   element, de-emphasizing the sharp contrast between the significant, irreparable harm to

13   Dynamic/Sabella of no stay versus the nominal harm to the bankruptcy estate from a stay and

14   underestimating both the public's interest in treading very carefully upon the attorney client

15   privilege and the probability that other tribunals may reach a different conclusion on the

16   substantial and complex questions regarding the appropriate scope of the attorney client privilege

17   when civil claims based on state law are adjudicated in federal courts.

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

NOTICE OF MOTION AND MOTION FOR STAY PENDING APPEAL

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

**III.**

**Conclusion**

**WHEREFORE**, Dynamic/Sabella pray the Court enter an order staying the Bankruptcy Court's Order entered June 2, 2008 until resolution of the already pending appeal and for such other and further relief as the Court deems just and proper.

DATED: July 11, 2008                    Respectfully submitted,

FRANDZEL ROBINS BLOOM & CSATO, L.C.
MICHAEL GERARD FLETCHER
TRICIA L. LEGITTINO


By:   /s/ Michael Gerard Fletcher
       MICHAEL GERARD FLETCHER
       Attorneys for Movants/Appellants Dynamic
       Finance Corporation and
       Angela C. Sabella