Michael Gerard Fletcher (State Bar No. 070849)
mfletcher@frandzel.com
Tricia L. Legittino (State Bar No. 254311)
tlegittino@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard
Seventeenth Floor
Los Angeles, California 90048-4920
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Privilege Holders Dynamic Finance Corporation and Angela Sabella

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>NORTH PLAZA, LLC,<br><br>Debtor.<br><hr>DYNAMIC FINANCE CORPORATION and ANGELA C. SABELLA,<br><br>       APPELLANTS,<br>v.<br><br>CHAPTER 11 TRUSTEE RICHARD KIPPERMAN,<br><br>       APPELLEE. | District Case No. 08-CV-01194-W-CAB<br><br>Bankruptcy Court No. 04-00769-PB11<br><br>Appeal No. 2<br><br>**DECLARATION OF MICHAEL GERARD FLETCHER IN SUPPORT OF DYNAMIC FINANCE CORPORATION'S AND ANGELA SABELLA'S MOTION FOR STAY PENDING APPEAL OF BANKRUPTCY COURT ORDER ON THE TRUSTEE'S MOTION TO COMPEL DISCOVERY FROM ISAAC LEI/THE ALCON GROUP**<br><br>DATE:            To Be Set<br>TIME:            To Be Set<br>COURTROOM: Seven<br><br>The Honorable Thomas J. Whelan, Judge Presiding |

529510.1                                                                                                                    33360-036

DECLARATION OF MICHAEL GERARD FLETCHER IN SUPPORT OF DYNAMIC FINANCE
CORPORATION'S AND ANGELA SABELLA'S MOTION FOR STAY PENDING APPEAL

# DECLARATION OF MICHAEL GERARD FLETCHER

I, Michael Gerard Fletcher, declare:

1. I am an attorney admitted to practice before the bar of this Court and am a member of Frandzel Robins Bloom & Csato, L.C., attorneys for secured creditors Angela C. Sabella ("Sabella") and Dynamic Finance Corporation's ("Dynamic") (collectively "Dynamic/Sabella") in this matter. This declaration is in support of Dynamic/Sabella's Motion for a Stay Pending Appeal of the United States Southern District Bankruptcy Court's June 2, 2008 Order (the "Order") on the Trustee's Motion to Compel Discovery from Isaac Lei ("Lei") and his company the Alcon Group ("Alcon") (collectively, "Lei/Alcon"). I have personal knowledge of the matters set forth herein, and I could and would testify competently thereto if called upon to do so.

2. The Trustee issued Subpoenas to Dynamic/Sabella's "client representatives," Lei/Alcon, on February 16, 2007. Lei/Alcon were the real estate brokers to Dynamic/Sabella and as part of their duties, Dynamic/Sabella authorized Lei to meet with their legal counsel. Through the Subpoenas, the Trustee sought confidential attorney client privilege documents from Lei/Alcon. Dynamic/Sabella objected to the Subpoenas on the basis that Lei/Alcon's communications with their legal counsel (as well as any legally advice related communications between Lei and Sabella) were exempt from disclosure by the attorney client privilege because at all times Lei/Alcon were their "client representatives" when communicating with the attorneys. Accordingly, Lei/Alcon provided documents pursuant to the Subpoenas, but they also served the Trustee with an amended privilege log asserting the attorney client privilege to certain documents that involved communications between Lei/Alcon and Dynamic/Sabella's legal counsel directly relating to legal advice sought by Dynamic/Sabella in connection with loans extended to the Debtor and other entitles in which the managing member of the Debtor held an interest.

3. From March 19-21, 2008, the Bankruptcy Court held a three-day evidentiary hearing on the Trustee's Motion to Compel Responses for Documents and Testimony ("Motion to Compel") pursuant to the Subpoenas he had issued to Lei/Alcon. The sole issue at the hearing was to determine a narrow and discreet issue: whether communications between legal counsel for the Dynamic/Sabella and their "client representatives" Lei/Alcon and communications between

Lei/Alcon and Dynamic/Sabella, containing or referencing those communications with counsel, are protected from disclosure by the attorney client privilege.

4. On June 2, 2008, the Bankruptcy Court entered the Order compelling production to the Trustee of documents claimed by the Dynamic/Sabella to be protected by the attorney client privilege.[1] A Notice of Appeal of the Order was timely filed June 9, 2008, pursuant to 28 USC § 158 and Federal Rule of Bankruptcy Procedure Rule 8001(a).[2] The Trustee then filed an election to have the appeal heard in the District Court pursuant to Federal Rule of Bankruptcy Procedure Rule 8001(e).[3]

5. The documents in this case that will have to be produced if the Order is enforced while Dynamic/Sabella exhaust their appellate remedies generally break out into the following categories:

(a) Correspondence between Dynamic and its attorneys regarding legal advice sought and given in connection with the loan transactions involving the Debtor North Plaza, LLC and/or other entities owned by North Plaza's managing member ("Johnson Related Entities") This category of documents includes correspondence written by the legal counsel directly to Sabella some of which Lei is copied on, as well as correspondence written by the legal counsel directly to Lei most of which Sabella is copied on. This category also includes correspondence written by Lei directly to Dynamic/Sabella's legal counsel in which Lei was seeking legal advice on behalf of Dynamic/Sabella from the attorneys in connection with the loans to the Debtor and/or the Johnson Related Entities;

(b) Correspondence between Sabella and Lei in which they discuss the legal advice sought and/or received from Dynamic/Sabella's counsel regarding the loan transactions either to the Debtor or to the Johnson Related Entities; and

(c) Preliminary drafts of documents drafted by the legal counsel in connection with the loan transactions.

---

[1] Bankruptcy Court Order Granting [Trustee's] Motion to Compel entered June 2, 2008 attached as Exhibit 13 to the Request for Judicial Notice ("RFJN") filed concurrently herewith.

[2] Notice of Appeal attached as Exhibit 14 to RFJN.

[3] Election for Appeal to be Heard by District Court filed June 25, 2008 attached as Exhibit 18 to RFJN.

DECLARATION OF MICHAEL GERARD FLETCHER IN SUPPORT OF DYNAMIC FINANCE CORPORATION'S AND ANGELA SABELLA'S MOTION FOR STAY PENDING APPEAL

6. Further, there are two categories of conversations that will be subject to disclosure if the Order is enforced. The first category is conversations that have taken place between Sabella and Lei. These conversations include "legal advice related" topics such as (a) Sabella telling Lei the legal questions either she or Dynamic had in connection with the loans and then directing Lei to ask the attorneys these questions on either her or Dynamic's behalf; (b) Lei relaying back to Sabella the response from legal counsel regarding these questions; and (c) Lei and Sabella discussing this legal advice, the potential effect it may have on the loan transactions and whether any further clarification was needed from the attorneys. The second category of conversations that will be subject to disclosure if the Order is not stayed pending the appeal are the conversations between Lei and Dynamic/Sabella's lawyers wherein Lei and the counsel discussed the legal advice Lei was seeking on behalf of Dynamic/Sabella and, in turn, the actual legal advice and opinions that the attorneys gave in response which Lei would then relay from the attorneys to Dynamic/Sabella.

7. Dynamic/Sabella will be substantially and irreparably harmed if their Motion to Stay is not granted. Dynamic/Sabella will be damaged if these documents and conversations are ordered disclosed while their appeal is pending not only because what they and their attorneys believed to be confidential legal advice will be disseminated, but also because if Dynamic/Sabella are successful with their appeal there will be no way to return the confidentiality of these attorney-client communications back to the *status quo*. The instant these documents and conversations are disclosed the confidential nature of them is destroyed and no appeal or judicial decree can ever compensate Dynamic/Sabella for what will have been lost. Further, enforcement of the Order pending the appeal will strip Dynamic/Sabella not only of their right to have confidential communications with their counsel, but possibly also their right to an appeal. A denial of the Application may effectively render moot Dynamic/Sabella's appeal since even if they are successful, they will have already lost the right they were seeking to preserve, namely the confidential communications with their legal counsel.

8. The Trustee will suffer no harm if the Application is granted. Granting the Application does not present any exigent circumstance that could harm or even effect the collateral

1  of the estate. The Debtor is no longer in operation; the subject property has been sold; and the
2  Trustee is in possession of the cash. Further, this case has been pending since January 2004, yet
3  the Trustee did not even seek this confidential information from Lei/Alcon until February 2007.
4  Thus, for three years this case was able to be administered without the disclosure of the documents
5  and conversations detailed in Paragraphs 5 and 6 above. Regardless of what method or test is used,
6  when the hardships Dynamic/Sabella will suffer if the Application is not granted are balanced
7  against the "concerns" the Trustee may have if the Application is granted, I believe that the scales
8  tip exceedingly in favor of granting the stay since Dynamic/Sabella will be substantially and
9  irreparably harmed if the stay is not granted.

10        I declare under penalty of perjury under the laws of the United States of America that the
11  foregoing is true and correct and that this declaration was executed this 11th day of July, 2008, at
12  Los Angeles, California.

13                                          /s/ Michael Gerard Fletcher
14                                          MICHAEL GERARD FLETCHER

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

529510.1      4     33360-036
DECLARATION OF MICHAEL GERARD FLETCHER IN SUPPORT OF DYNAMIC FINANCE
CORPORATION'S AND ANGELA SABELLA'S MOTION FOR STAY PENDING APPEAL