1   Ali M.M. Mojdehi, State Bar No. 123846
    Janet D. Gertz, State Bar No. 231172
2   **BAKER & McKENZIE LLP**
    12544 High Bluff Drive, Third Floor
3   San Diego, CA  92130-3051
    Telephone: +1 858 523 6200
4   Facsimile:  +1 858 259 8290

5   Counsel for Appellee, Chapter 11 Trustee,
    Richard M Kipperman

6

7

8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

11  In re:                              District Case No. 08-CV-01194-W-CAB

12                                      Bankruptcy Court No.04-00769 PB11
    NORTH PLAZA, LLC,
13  a California Limited Liability Company,   Appeal No. 2

14                  Debtor              **OPPOSITION OF APPELLEE
                                        CHAPTER 11 TRUSTEE, RICHARD
15                                      M KIPPERMAN TO MOTION OF
                                        APPELLANTS DYNAMIC FINANCE
16  DYNAMIC FINANCE CORPORATION and     CORPORATION AND ANGELA C.
    ANGELA C. SABELLA,                  SABELLA FOR STAY PENDING
17                                      APPEAL [FED. R. BANKR. PROC.
                                        8005]
18                  APPELLANTS,

19  v.

20  CHAPTER 11 TRUSTEE RICHARD          DATE:  N/A
    KIPPERMAN,                          TIME:  N/A
21                                      COURTROOM:  7
                                        JUDGE:  Hon. Thomas J. Whelan
22                  APPELLEE.

23

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

DISTRICT CASE NO. 08-CV-01194-W-CAB; BANKRUPTCY COURT NO 04-00769-PB11
OPPOSITION OF CHAPTER 11 TRUSTEE, RICHARD M KIPPERMAN TO MOTION OF DYNAMIC FINANCE CORPORATION AND
ANGELA C. SABELLA FOR STAY PENDING APPEAL [FED. R. BANKR. PROC. 8005]

SDODMS1/691611.1

1

## TABLE OF CONTENTS

2

Page

3    I.    INTRODUCTION ................................................................................................ 2

4    II.   THE BANKRUPTCY COURT'S ORDER DENYING THE STAY PENDING
         APPEAL IS SUBJECT TO LIMITED REVIEW FOR ABUSE OF DISCRETION .............. 3

5    III.  THE PROCEDURAL HISTORY LEADING UP TO THIS APPEAL:  DELAY AND
         MORE DELAY ................................................................................................... 4

6    IV.   THE BANKRUPTCY COURT DID NOT ABUSE HIS DISCRETION IN
7         DENYING APPELLANTS' MOTION FOR A STAY PENDING APPEAL OF THE
         DISCOVERY ORDER UNDER FED. R. BANKR. PROC 8005 ........................................ 7

8         A.    The Appellants' Probability for Success on the Merits Falls Well Below a
               Bare "Possibility" Where the Law is Settled that Federal Common Law of
9               Privilege Applies to Subpoenas Issued Pursuant to Fed. R. Bankr. Proc. 2004 ......... 9

10              1.    Where State Law Does Not "Provide the Rule of Decision" Well
                    Settled Principles of Construction of Fed. R. Evid. 501 in Federal
11                   Cases Require Use of Federal Common Law of Privilege ............................ 10

12              2.    The Overwhelming Weight of Authority Commands the Use of
                    Federal Common Law of Privilege in Connection with Subpoenas
                    Issued Pursuant to Fed. R. Bankr. Proc. 2004—No Case Holds to the
13                   Contrary .................................................................................................. 11

14              3.    Federal Law Would Control Here Even Assuming Arguendo It
                    Occurred Outside of a Rule 2004 Examination ............................................ 13

15              4.    Equity Should Preclude Appellants from Now Claiming that the
                    Federal Common Law of Privilege Should not Apply After Having
16                   Caused the Trustee and the Bankruptcy Court to Rely Upon Their
                    Invocation of the Federal Common Law Construct of a "Client
17                   Representative" .......................................................................................... 14

18         B.    The Appellants' Claims of Irreparable Harm from a Discovery Order Do Not
               Entitle Them a "Free Ticket" to Receive a Stay Pending their Appeal ...................... 18

19         C.    The Delay Stemming from This Discovery Dispute Has Continued for Over
               Eighteen Months and Thus Militates Towards Allowing the Trustee to
20              Immediately Execute on the Discovery Order ......................................................... 19

21         D.    Brief Comments on the "Public Interest" In Connection with this Appeal ............... 20

     V.    CONCLUSION ................................................................................................... 22

22

23

24

25

26

27

28

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

1

## TABLE OF AUTHORITIES

2

Page

3

### TABLE OF AUTHORITIES

4

### FEDERAL CASES

5

*Agster v. Maricopa County,*
    422 F.3d 836 (9th Cir. 2005) ........................................................................10

6

*Amco Ins. Co. v. Madera Quality Nut LLC,*
    2006 U.S. Dist. LEXIS 21205 (E.D. Cal. 2006)........................................12

7

*Ariz. Contrs. Ass'n, Inc. v. Candelaria,*
    2008 U.S. Dist. LEXIS 16555 (D. Ariz. Feb. 19, 2008)..........................2, 7

8

9

*In re Asia Global Crossing, LTD,*
    322 B.R. 247 (Bankr. S.D.N.Y 2005).........................................................12

10

*Bank of Am. V. National Mortgage Equity Corp. (In re National Mortgage Equity*
    *Corp. Mortg. Pool Certificates Litig.),*
    857 F.2d 1238 (9th Cir. 1988) ......................................................................7

11

12

*In re Bautista,*
    2007 Bankr. LEXIS 4170 ) (Bankr. N.D. Cal. 2007)].............................11, 12

13

*In re Bieter Co.,*
    16 F.3d 929 (8th Cir. 1994) ...........................................................5, 15, 16, 17

14

15

*Blankenship v. Boyle,*
    447 F.2d 1280 (D.D.C. 1971) .....................................................................10

16

*Burrows v. Redbud Community Hosp. Dist.,*
    187 F.R.D. 606 (N.D. Cal. 1998)................................................................10

17

*County of Alameda v. Weinberger,*
    520 F.2d 344 (9th Cir.1975) ..........................................................................9

18

19

*Flores v. DDJ, Inc (In re Enoch Packing Co.),*
    2007 U.S. Dist. LEXIS 40010 (E.D. Cal. May 31, 2007)..........................3

20

21

*Gagan v. Sharer,*
    2005 U.S. Dist. LEXIS 27409 (D. Ariz. Nov. 1, 2005).............................10

22

*In re Dial Industries, Inc.*, 137 Bankr. 247, 250-251.......................................9

23

24

*In re Grand Jury Subpoenas Dated January 20, 1998,*
    995 F. Supp. 332 (E.D.N.Y 1998) .............................................................20

25

*Hamilton v. Lumsden (In re Geothermal Resources),*
    93 F.3d 648 (9th Cir. 1996) .........................................................................12

26

27

*Hilton v. Braunskill,*
    481 U.S. 770 (1987) .................................................................................7, 8

28

i

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

DISTRICT CASE NO. 08-CV-01194-W-CAB; BANKRUPTCY COURT NO 04-00769-PB11
OPPOSITION OF CHAPTER 11 TRUSTEE, RICHARD M KIPPERMAN TO MOTION OF DYNAMIC FINANCE CORPORATION AND
ANGELA C. SABELLA FOR STAY PENDING APPEAL [FED. R. BANKR. PROC. 8005]

**TABLE OF AUTHORITIES**
(continued)

**Page**

*International Horizons, Inc. v. Committee of Unsecured Creditors (In re International Horizons, Inc.),*
689 F.2d 1982 (11th Cir. 1982) .................................................................12, 13, 21

*Lopez v. Heckler,*
713 F. 2d 1432 (9th Cir. 1983, *rev'd on other grounds,* 469 US. 1082 (1984) .............8

*Lynch v. Ca. Pub. Util. Comm'n,*
2004 U.S. Dist. LEXIS 6022 (N.D. Cal. 2004), cited by Appellants ...........................8

*Memry Corp. v. KY. Oil Tech, NV,*
2007 U.S. Dist. LEXIS 3094 (N.D. Cal. Jan 4, 2007) and *In re Bieter, Co.* 16
F.3d 929, 937 (8th Cir. 1994).] Both *Memry Corp* and *In re Bieter Co.* are
decided under federal common law of privilege........................................................16

*Meoli v. American Medical Service of San Diego,*
287 B.R. 808 (S.D. Cal. 2003).............................................................................10, 14

*Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog,*
945 F.2d 150 (6th Cir. Mich. 1991) .........................................................................9

*Ohanian v. Irwin (In re Ohanian),*
338 B.R. 839 (E.D. Cal. 2006).............................................................................3, 9

*In re Rafsky,*
300 B.R. 152 (Bankr. D. Conn. 2003) .....................................................................13

*Rose Townsend Trust v. Johnston (In re Johnston),*
No. 06-80040, 2007 Bankr LEXIS 3092 (E.D. Wash. Sept. 7, 2007)........................8

*Silicon Valley Bank v. Pon (In re Pon),*
1994 U.S. Dist. LEXIS 2559 (N.D. Cal. Feb. 25, 1994) .............................................9

*Star Editorial, Inc., v. U.S. District Court,*
7 F.3d 856 (9th Cir. 1993) .....................................................................................12

*Taxel v. Equity Gen'l Ins. Co. (In re Couch),*
80 B.R. 512 (S.D. Cal. 1987).................................................................................12

*In re Tidewater Group, Inc.,*
65 B.R. 179 (Bankr. N.D. Ga. 1986) .............................................................11, 12, 14

*United States v. Arthur Young & Co. et al.,*
465 U.S. 805 (1984).............................................................................................21

*United States v. Bryan,*
339 U.S. 323 (1950).............................................................................................20

*United States v. Texas,*

ii

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

DISTRICT CASE NO. 08-CV-01194-W-CAB; BANKRUPTCY COURT NO 04-00769-PB11
OPPOSITION OF CHAPTER 11 TRUSTEE, RICHARD M KIPPERMAN TO MOTION OF DYNAMIC FINANCE CORPORATION AND
ANGELA C. SABELLA FOR STAY PENDING APPEAL [FED. R. BANKR. PROC. 8005]

## TABLE OF AUTHORITIES
### (continued)

Page

523 F. Supp. 703 (E.D. Tex. 1981)................................................................2

*Wm T. Thompson Co. v. Gen Nutrition Corp.,*
671 F.2d 100 (3d Cir. 1982)...............................................................10

*Wymer v. Wymer (In re Wymer),*
5 B.R. 802 (B.A.P. 9th Cir. 1980).....................................................3, 8

*Yeganeh v. Sims (In re Yeganeh),*
2006 U.S. Dist. LEXIS 32765 (N.D. Cal. May 12, 2006) ...................3, 9, 19

## FEDERAL STATUTES AND RULES

28 U.S.C. 1334(b) ...............................................................................4

28 U.S.C. § 1408, ...............................................................................4

28 U.S.C. § 1409 ................................................................................4

28 U.S.C. § 157 ..................................................................................4

28 U.S.C. § 158...............................................................................4, 7

IRC § 7602 ........................................................................................21

Fed R. Civ. Proc. 62(c) .......................................................................7

Fed. R. Evid. 501 ........................................................................ *passim*

Fed. R. Bankr. Proc. 1001................................................................21

Fed. R. Bankr. Proc. 2004 .......................................................... *passim*

Fed. R. Bankr. Proc. 8005............................................................ *passim*

H.R. Rep. No. 1597, 93d Cong., 2d Sess (1974) ..............................13

## MISCELLANEOUS

23 Wright & Graham, *Fed. Practice & Proc.* §§ 5432, 5433.....................11, 14

Hon. Barry Russell, *Bankruptcy Evidence Manual* § 501.3 (West 2006) ..........11

Bender Practice Guide, Federal Pretrial Civil Procedure in California § 19.08[3][f] ...8, 10

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

## I.    INTRODUCTION

Chapter 11 Trustee, Richard M Kipperman ("Trustee"), the prevailing party in respect to the Order of the United States Bankruptcy Court for the Southern District of California, the Honorable Peter W. Bowie presiding (the "Bankruptcy Court"), granting the Trustee's Motion to Compel Discovery from Isaac Lei/The Alcon Group (the "Discovery Order"), hereby submits this Opposition to the Motion of Dynamic Finance Corporation ("Dynamic") and Angela C. Sabella ("Sabella") (collectively, the "Appellants") for Stay of the Discovery Order Pending Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8005 ("Motion"). For the reasons set forth below, the Trustee respectfully requests the Court to deny the Motion.

A stay pending appeal is an "extraordinary remedy." It should be used sparingly. *Ariz. Contrs. Ass'n, Inc. v. Candelaria*, 2008 U.S. Dist. LEXIS 16555 (D. Ariz. Feb. 19, 2008) (citing *United States v. Texas*, 523 F. Supp. 703, 729 (E.D. Tex. 1981). Here, there is no reason for granting a stay. As discussed below, Appellants cannot demonstrate the existence of any *legitimate* legal questions in respect to the Discovery Order. Rather, the Appellants' chances of success on the merits of their appeal is virtually nil.

In their Motion, Appellants have framed the issue on appeal as a single, discrete, choice of law question. That one question is:

> *Whether a subpoena issued pursuant to Fed. R. Bankr. Proc. 2004 should be governed by state law of privilege, rather than federal common law, under Fed. R. Evid. 501.*[1]

The answer is clearly, simply, and unequivocally, "no." As explained below, based both upon Hornbook law and ample precedent, there is no question regarding the soundness of the determinations made by the Bankruptcy Court regarding choice of federal common law. Where, as here, Appellants cannot present a colorable case on the merits on appeal, they are not entitled to a "free ticket" for a stay on appeal based solely upon plaintive bleats of irreparable harm from the Trustee's execution on the Discovery Order. As such, Appellants' request for a stay pending appeal

---

[1] Appellants initially quibbled about some of the Bankruptcy Court's factual findings in their motion for stay filed with the Bankruptcy Court. These contentions appear to have been abandoned in favor of pure reliance on choice of law for the basis of their appeal, presumably in light of the overwhelming weight of the evidence in support of the Bankruptcy Court's factual findings.

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/691611.1

1     should be denied.

2     **II.    THE BANKRUPTCY COURT'S ORDER DENYING THE STAY PENDING APPEAL**

3                 **IS SUBJECT TO LIMITED REVIEW FOR ABUSE OF DISCRETION**

4        The Appellants notably omit any discussion of the standard of review of the Bankruptcy

5     Court's order denying their request for a stay. This order must be reviewed for abuse of discretion.

6     In light of the clear precedent on this point, it appears that this particular slip between the analytical

7     cup and the lip is intentional. This slip is understandable (though not excusable) because the relief

8     requested in the Motion cannot withstand review under the abuse of discretion standard.

9        The standard of review applicable to the Motion arises out of its procedural posture.

10    Pursuant to Fed. R. Bankr. Proc. 8005, an application for a stay pending appeal of a final order of a

11    bankruptcy court must ordinarily be presented in the first instance to the bankruptcy judge. Only

12    when the application has been made to the bankruptcy judge and denied may a stay pending appeal

13    be sought in a district court. *See* Fed. R. Bankr. Proc. 8005. Any subsequent motion for a stay to the

14    district court must discuss why the relief was denied by the bankruptcy judge. *Id.* Because Rule

15    8005 requires the bankruptcy judge to utilize discretion in determining the appropriateness of a stay,

16    where the bankruptcy court has denied a stay under Rule 8005, the appellate court's review is

17    limited to a simple determination of "whether the trial court abused its discretion." *Wymer v. Wymer*

18    *(In re Wymer)*, 5 B.R. 802 (B.A.P. 9th Cir. 1980); *accord Flores v. DDJ, Inc (In re Enoch Packing*

19    *Co.)*, 2007 U.S. Dist. LEXIS 40010 (E.D. Cal. May 31, 2007); *Yeganeh v. Sims (In re Yeganeh)*,

20    2006 U.S. Dist. LEXIS 32765 (N.D. Cal. May 12, 2006); *Ohanian v. Irwin (In re Ohanian)*, 338

21    B.R. 839, 844 (E.D. Cal. 2006).

22        Discretion will be found to have been abused only where the bankruptcy court's decision was

23                 arbitrary, fanciful, or unreasonable, which is another way of saying

24                 that discretion is abused only where no reasonable man would take the
view adopted by the trial court. If reasonable men could differ as to

25                 the propriety of the action taken by the trial court, then it cannot be
said that the trial court abused its discretion.

26    *Id.* at 844. The abuse of discretion standard on review of the bankruptcy court's order denying a stay

27    encompasses a *de novo* review of the law and a clearly erroneous review of the facts with respect to

28    the underlying issues. *Id.* at 844, 848.

3

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

DISTRICT CASE NO. 08-CV-01194-W-CAB; BANKRUPTCY COURT NO 04-00769-PB11
OPPOSITION OF CHAPTER 11 TRUSTEE, RICHARD M KIPPERMAN TO MOTION OF DYNAMIC FINANCE CORPORATION AND
ANGELA C. SABELLA FOR STAY PENDING APPEAL [FED. R. BANKR. PROC. 8005]

SDODMS1/691611.1

### III.    THE PROCEDURAL HISTORY LEADING UP TO THIS APPEAL:  DELAY AND MORE DELAY

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(a) over a case under title 11.  Venue is proper pursuant to 28 U.S.C. §§ 1408, 1409.  This contested matter is a core proceeding under 28 U.S.C. § 157(b)(2).  The statutory predicates are Fed. R. Bankr. Proc. 2004 and 8005.  This appeal arises out of a contested matter concerning discovery pursuant to a subpoena duces tecum issued by the Trustee on February 16, 2006 pursuant to Fed. R. Bankr. Proc. 2004 (the "Trustee's Subpoena").  As such, this appeal occurs in a civil proceeding "arising in" a bankruptcy case under 28 U.S.C. 1334(b).[2]  The Appellee does not agree that the Discovery Order is a final order as defined in 28 U.S.C. § 158(a)(1) and hereby fully preserves the right to dispute the same.

This chapter 11 bankruptcy case was first filed over four years ago, on January 28, 2004. Initially, the debtor remained in possession.  On April 17, 2006, the Bankruptcy Court denied a proposed settlement by the debtor-in-possession with Appellants, secured creditors Sabella and Dynamic, citing, among other things, serious issues of conflict of interest.  [*See* Appellants' RFJN Ex. 3.]  In light of the concerns raised by the Bankruptcy Court in that order, on May 22, 2006 the Bankruptcy Court directed the appointment of a chapter 11 trustee in this case.  [Bankruptcy Docket No. 477, Ex. 1 to Trustee's Request for Judicial Notice.]  Richard M Kipperman was appointed as chapter 11 Trustee in this case on June 11, 2006.  [Bankruptcy Docket No. 484, Appellants RFJN Ex. 4.]

On September 14, 2006, the Trustee filed an Ex Parte Application for FRBP 2004 Examination and Production of Documents of Persons with Relevant Knowledge.  [Bankruptcy Docket No. 509.]  After numerous battles with the former debtor in possession and his counsel to obtain the relevant documents regarding the affairs of the debtor, the Trustee was first in a position to issue the Subpoena for documents and testimony to Mr. Isaac Lei and the Alcon Group on February 16, 2007.  The Trustee is still waiting to depose Mr. Lei—as the Trustee is still waiting for the documents from Mr. Lei that are responsive to the Subpoena to be produced.

---

[2] This contested matter is part of the main bankruptcy case and thus is not "related to" a case as is contended by Appellants.  [Motion at 4].  This is an important jurisdictional distinction.

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/691611.1

4

DISTRICT CASE NO. 08-CV-01194-W-CAB; BANKRUPTCY COURT NO 04-00769-PB11
OPPOSITION OF CHAPTER 11 TRUSTEE, RICHARD M KIPPERMAN TO MOTION OF DYNAMIC FINANCE CORPORATION AND
ANGELA C. SABELLA FOR STAY PENDING APPEAL [FED. R. BANKR. PROC. 8005]

1    In response to the Subpoena, Sabella and Dynamic, in conjunction with Mr. Lei (who each

2    shared the same counsel) produced some documents but concurrently submitted a four-volume

3    privilege log listing many thousands of documents being withheld on grounds of "attorney-client

4    privilege." But it was not Mr. Lei who asserted the privilege. Rather, it was Dynamic and Sabella,

5    who, regardless of the fact that Mr. Lei had previously proclaimed himself to be an "independent

6    mortgage broker," [*see* Bankruptcy Docket No. 195, Declaration of Isaac Lei dated November 24,

7    2004, attached as Ex. 2 to Trustee's Request for Judicial Notice], made the surprising contention that

8    these documents were "privileged" even if shared with Mr. Lei because Mr. Lei had been serving as

9    their "client representative" to the Appellants for legal communications in respect to their "hard

10   money lending" activities. From that point forward, Dynamic and Sabella began to refer to

11   themselves as the "Privilege Holders" and have blocked the Trustee's discovery of the documents

12   from Mr. Lei.

13   The Trustee, after a vain attempt to meet and confer, filed his Motion to Compel responses to

14   the Subpoena on May 7, 2007. [Bankruptcy Docket 541, attached as Exhibits 5 and 6 to Appellants'

15   RFJN (sans exhibits).] The Bankruptcy Court granted the Trustee's motion for an order shortening

16   time for hearing on the Motion to Compel, setting a hearing for June 15, 2007, and the Trustee

17   expected a prompt adjudication. Instead, the "Privilege Holders" filed several strategic motions,

18   which delayed hearing on the Trustee's Motion to Compel until July 25, 2007. At that hearing, the

19   Court was unable to decide the "client representative" issue on the pleadings and argument and thus

20   requested an evidentiary hearing be held on whether Mr. Lei could qualify as the "client

21   representative" of Dynamic and/or Sabella pursuant to the standard set forth in the parties' agreed

22   precedential authority on the matter, *In re Bieter Co.*, 16 F.3d 929, 937 (8th Cir. 1994), a case

23   decided under federal common law of privilege. The Court's Order required an Evidentiary Hearing

24   specifically on the "client representative" issue and was entered on September 7, 2007. [Bankruptcy

25   Docket No. 661, Ex. 3 to Trustee's Request for Judicial Notice.] The Evidentiary Hearing was

26   originally scheduled for November 6, 2007, but this date was taken off calendar when, on October

27   26, 2007, counsel for Dynamic, Sabella, and Lei withdrew. [Bankruptcy Docket No. 672.] Due to

28   the changes in counsel for Dynamic and Sabella, along with delays in obtaining new counsel for

5

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6260

DISTRICT CASE NO. 08-CV-01194-W-CAB; BANKRUPTCY COURT NO 04-00769-PB11
OPPOSITION OF CHAPTER 11 TRUSTEE, RICHARD M KIPPERMAN TO MOTION OF DYNAMIC FINANCE CORPORATION AND
ANGELA C. SABELLA FOR STAY PENDING APPEAL [FED. R. BANKR. PROC. 8005]

SDODMS1/691611.1

1  Isaac Lei and The Alcon Group, the Evidentiary Hearing was not actually held until six months later,

2  in March 2008.

3      The Appellants filed their Trial Brief in support of the Evidentiary Hearing on March 7,

4  2008. [Bankruptcy Docket No. 704, Appellants' RFJN Ex. 11.] The Trustee filed his Evidentiary

5  Hearing Response Brief on March 14, 2008. [Bankruptcy Docket No. 712, Trustee's Request for

6  Judicial Notice Ex. 4.] The Evidentiary Hearing was conducted March 19-21, 2008. On April 8,

7  2008, the Appellants filed their Closing Brief. [Bankruptcy Docket No. 734, Appellants' RFJN Ex.

8  12.] The Trustee filed his Closing Brief, also on April 8, 2008. [Bankruptcy Docket No. 735,

9  Trustee's Request for Judicial Notice Ex. 5.]

10     On May 30, 2008, the Bankruptcy Court issued the Discovery Order, finding that Mr. Isaac

11  Lei was not a "client representative" of either Dynamic or Sabella. [Appellants' Request for Judicial

12  Notice Ex. 13.] The Bankruptcy Court made factual findings, *inter alia*, that Lei's relationship was

13  "personal" with Sabella but

14          there was no reason to extend the exception to communications
            between Lei and counsel for Sabella. The parties asserting the
15          exception have established no "disability" which required Lei to
            communicate with counsel on Sabella's behalf. The evidence reveals
16          that Sabella is an experienced business woman and that she is fluent in
            the English language.
17
    [Discovery Order at 9.]
18

19     On June 9, 2008, Appellants filed a Notice of Appeal to the Bankruptcy Appellate Panel.

20  [Bankruptcy Docket No. 773, Appellants' RFJN, Ex. 14.] On June 12, 2008, Appellants filed a

21  Motion with the Bankruptcy Court for Stay Pending Appeal Pursuant to Fed. R. Bankr. Proc. 8005.

22  [Bankruptcy Docket No. 775, Appellants' RFJN Ex. 15.] On June 25, 2008, the Trustee filed an

23  election for the appeal to be heard by the District Court. [Bankruptcy Docket No. 786, Appellants'

24  RFJN Ex. 18.] On June 25, 2008, the Trustee filed an Opposition to Appellants' Motion for Stay

25  Pending Appeal. [Bankruptcy Docket No. 788, Appellants' RFJN Ex. 19.]

26     A hearing was held by the Bankruptcy Court on the Appellants' Motion for Stay Pending

27  Appeal on July 2, 2007. On that date, the Bankruptcy Court denied the Motion, stating that the

28  Appellants had not demonstrated the requisite probability of success on the merits to be eligible for a

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/691611.1

6

DISTRICT CASE NO. 08-CV-01194-W-CAB; BANKRUPTCY COURT NO 04-00769-PB11
OPPOSITION OF CHAPTER 11 TRUSTEE, RICHARD M KIPPERMAN TO MOTION OF DYNAMIC FINANCE CORPORATION AND
ANGELA C. SABELLA FOR STAY PENDING APPEAL. [FED. R. BANKR. PROC. 8005]

1    stay. As such, under the law governing the determination of stays from an order of a bankruptcy

2    court under Fed. R. Bankr. Proc. 8005, no stay could issue.

3        The Bankruptcy Court did not provide the Appellants with a temporary stay pending their

4    filing a motion with this Court seeking a stay. The Order of the Bankruptcy Court denying the stay

5    was entered on July 15, 2007. [Bankruptcy Docket No. 803, Trustee's Request for Judicial Notice

6    Ex. 6.] Appellants and the Trustee have agreed to consensually stay the Discovery Order until July

7    25, 2008. Appellants filed their Motion for a stay with this Court on July 11, 2008.

8        Thus, a full 17 months following to the issuance of the Trustee's Subpoena to Mr. Isaac Lei,

9    the Trustee is still waiting for the documents and is otherwise still waiting to depose Mr. Lei

10   regarding those documents.

11   **IV.    THE BANKRUPTCY COURT DID NOT ABUSE HIS DISCRETION IN DENYING
        APPELLANTS' MOTION FOR A STAY PENDING APPEAL OF THE DISCOVERY**
12                      **ORDER UNDER FED. R. BANKR. PROC 8005**

13       A stay of a final order on the merits of a dispute is "an extraordinary device which should be

14   sparingly granted." *Ariz. Contrs. Ass'n, Inc. v. Candelaria*, 2008 U.S. Dist. LEXIS 16555 at *5-6. In

15   determining whether a discretionary stay should be granted from an appeal to a district court or

16   bankruptcy appellate panel from the final[3] order of the bankruptcy court under Fed. Rule Bankr.

17   Proc. 8005, virtually all courts utilize the four factors used in determining whether to grant a stay

18   pending appeal of a *preliminary* injunction under Federal Rule Civ. Proc. 62(c). That familiar four-

19   part test articulated by the Supreme Court in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), has

20   been adopted by virtually all the circuit courts of appeal, including the Ninth Circuit. That test is:

21       (1) whether the stay applicant has made a strong showing that he is likely to succeed on the

22   merits;

23       (2) whether the applicant will be irreparably injured absent a stay;

24   ---

[3] Under 28 U.S.C. § 158 and Fed. R. Bankr. Proc. 8001, generally only "final" orders of a
25   bankruptcy court are appealable. Appellee believes the Discovery Order is interlocutory but has not
     yet had the opportunity to brief whether this appeal should be dismissed on that basis, which
26   necessarily would need to be brought pursuant to a noticed motion. The issue is of limited relevance
     here where the Appellants have not demonstrated the likelihood of success on the merits in any
27   event. *See, e.g., Bank of Am. V. National Mortgage Equity Corp. (In re National Mortgage Equity
     Corp. Mortg. Pool Certificates Litig.)*, 857 F.2d 1238 (9th Cir. 1988). Unlike in *Bank of America*,
28   which dealt with the finality of a discovery order issued to a *non-party* pursuant to a subpoena, the
     *Napster* case dealt with a discovery order to a *party*.

1    (3) whether issuance of the stay will substantially injure the other parties interested in the

2    proceeding; and

3    (4) where the public interest lies.

4    *Id.*

5    Because the burden of meeting this standard lies with the moving party and is a heavy one, in

6    respect to a stay of a final order on the merits, "more commonly stay requests will not meet this

7    standard and will be denied." Wright, Miller & Kane, *Federal Practice and Procedure Civil 2d* §

8    2904 (West Pub. 1995 & Supp. 2008); *see also* 2 Matthew Bender Practice Guide, Federal Pretrial

9    Civil Procedure in California § 19.08[3][f] (noting that the moving party bears the burden of proof as

10   to each element of the test).

11   Although under Rule 8005 the four enumerated factors utilized in determining the

12   applicability of a stay are identical to those used for determination of a stay of a preliminary

13   injunction pending appeal, *see In re Wymer*, 5 B.R. at 806 (adopting the standard for discretionary

14   stays of a preliminary injunction under the predecessor to Rule 8005), the practical *application* of

15   these four factors in a case arising under the Bankruptcy Code is very different.  In the context of a

16   stay pending *injunction* under Rule 62(c), courts often apply several alternative formulations of this

17   traditional test in a "sliding scale" fashion, with the strength of any one factor varying inversely with

18   the strength of the remaining factors. *See, e.g., Lopez v. Heckler*, 713 F. 2d 1432 (9th Cir. 1983,

19   *rev'd on other grounds*, 469 US. 1082 (1984).[4]

20   Courts of this circuit, as well as those of other circuits, generally agree[5] that under Rule 8005

21   a sliding scale formulation is not appropriate for use in making the determination of whether a stay

22   should be granted pending the appeal of a bankruptcy court order. *See Rose Townsend Trust v.

23   Johnston (In re Johnston)*, No. 06-80040, 2007 Bankr LEXIS 3092 (E.D. Wash. Sept. 7, 2007)

24   (rejecting movants' citations to cases, such as *Lopez v. Heckler*, 713 F. 2d 1432, that did not rely

25   _____

[4] The Ninth Circuit, for example uses at least three "alternative" tests of this type.
[5] The existing case law, although unanimous on this point, could benefit from a published opinion more clearly elucidating the Rule 8005 standard to prevent the occasional mistaken reliance by applicants on the more liberal *construction* of the identical standard under cases construing Fed. R. Civ. Proc. 62(c).  For example, the court in *Lynch v. Ca. Pub. Util. Comm'n*, 2004 U.S. Dist. LEXIS 6022 at *6 (N.D. Cal. 2004), cited by Appellants, appears not to have been cognizant of this distinction.

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

8

DISTRICT CASE NO. 08-CV-01194-W-CAB; BANKRUPTCY COURT NO 04-00769-PB11
OPPOSITION OF CHAPTER 11 TRUSTEE, RICHARD M KIPPERMAN TO MOTION OF DYNAMIC FINANCE CORPORATION AND
ANGELA C. SABELLA FOR STAY PENDING APPEAL [FED. R. BANKR. PROC. 8005]
SDODMS1/691611.1

1    upon F.R.B.P. 8005). The reason for the rejection of a sliding scale analysis under Fed. R. Bankr.

2    Proc. 8005 relates to the procedural posture of an appeal, *i.e.*, whether it is from a final order of a

3    bankruptcy court on the merits; or from a preliminary determination, not on the merits. A movant

4    seeking a stay pending review on the merits of a final judgment will necessarily have greater

5    difficulty in demonstrating a likelihood of success on the merits. "In essence, a party seeking a stay

6    must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal." *Michigan*

7    *Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150 (6th Cir. Mich. 1991).

8           Under Rule 8005 therefore the substantial weight of authority requires that, *each element* of

9    the test must be proved by the moving party by a *preponderance* of the evidence. *See, e.g., Silicon*

10   *Valley Bank v. Pon (In re Pon)*, 1994 U.S. Dist. LEXIS 2559 at * 6 (N.D. Cal. Feb. 25, 1994) (citing

11   *In re Dial Industries, Inc.*, 137 Bankr. 247, 250-251 (Bankr. N.D. Ohio 1992). An appellant's failure

12   to meet their burden of persuasion regarding even one of these factors thus requires denial of the

13   stay.[6] *Id.; see also, e.g., Ohanian v. Irwin (In re Irwin)*, 338 B.R. AT 839; *Yeganeh v. Sims*, 2006

14   U.S. Dist. LEXIS 32765 at *19 (failure to prove likelihood of success on the merits alone is grounds

15   for denial of the stay).

16          As is discussed below, the Bankruptcy Court did not abuse his discretion in making the

17   determination that each of the four requisites for obtaining a stay under Rule 8005 had not been

18   satisfied by the Appellants. Their failure to demonstrate success on the merits was by itself fatal.

19   **A.**    **The Appellants' Probability for Success on the Merits Falls Well Below a Bare**
             **"Possibility" Where the Law is Settled that Federal Common Law of Privilege Applies**
20           **to Subpoenas Issued Pursuant to Fed. R. Bankr. Proc. 2004**

21          The requisite showing for "likelihood of success" requires, at a minimum, that the movant

22   raise "'questions going to the merits so *serious, substantial, difficult and doubtful* as to make them a

23   fair ground for litigation and thus for more deliberate inquiry.'" *County of Alameda v. Weinberger*,

24   520 F.2d 344, 349 n.12 (9th Cir.1975) (citations omitted) (emphasis added). Stated a different way,

25   at this procedural juncture—where the trial court has conducted a multi-day evidentiary hearing on

26   the merits—in order to satisfy this prong of the test, the Court would have to find that there is a

27   _____

28   [6] Although these required elements should be "balanced," the preponderance standard does not leave
     as much "play" in the machinery as does the more liberal "sliding scale" approach used in the
     determination of a stay of a preliminary injunction.

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/691611.1

DISTRICT CASE NO. 08-CV-01194-W-CAB; BANKRUPTCY COURT NO 04-00769-PB11
OPPOSITION OF CHAPTER 11 TRUSTEE, RICHARD M KIPPERMAN TO MOTION OF DYNAMIC FINANCE CORPORATION AND
ANGELA C. SABELLA FOR STAY PENDING APPEAL [FED. R. BANKR. PROC. 8005]

1 substantial possibility that the Bankruptcy Court based its decision on an erroneous view of the law

2 or clearly erroneous factual findings, or that it made a clear error of judgment in issuing the

3 Discovery Order. The stay may not be granted absent a threshold strong showing of likely success

4 on the merits, regardless of any showing on the Appellants' part of irreparable harm. *See, e.g.,*

5 *Blankenship v. Boyle*, 447 F.2d 1280 (D.D.C. 1971); *cf. Gagan v. Sharer*, 2005 U.S. Dist. LEXIS

6 27409 (D. Ariz. Nov. 1, 2005)[7] Here, the minimal showing has not been made—and cannot be made

7 under any circumstances.

8       **1.    Where State Law Does Not "Provide the Rule of Decision" Well Settled Principles of Construction of Fed. R. Evid. 501 in Federal Cases Require Use of Federal Common Law of Privilege**

10      Fed. R. Evid. 501 sets forth a structure for the application of the law of privilege in cases

11 brought in the courts of the United States. In this respect, in cases involving the adjudication of

12 federal rights, questions of attorney-client privilege are "governed by the principles of the common

13 law as they may be interpreted by the courts of the United States in the light of reason and

14 experience." *Id.* That is, the federal common law of privilege is utilized in federal question cases.

15 State privilege law applies, however, "to *purely* state law claims brought in federal court pursuant to

16 diversity jurisdiction." *Meoli v. American Medical Service of San Diego*, 287 B.R. 808 (S.D. Cal.

17 2003) (emphasis added); *see also, e.g., Burrows v. Redbud Community Hosp. Dist.*, 187 F.R.D. 606

18 (N.D. Cal. 1998). Where there are both federal question claims and pendent state law claims present

19 in the same action, the federal law of privilege, favoring admissibility, is controlling. *Agster v.*

20 *Maricopa County*, 422 F.3d 836, 839 (9th Cir. 2005) (citing *Wm T. Thompson Co. v. Gen Nutrition*

21 *Corp.*, 671 F.2d 100, 104 (3d Cir. 1982)). Such an approach is eminently sensible, because the

22 application of "two separate disclosure rules with respect to different claims tried to the same jury

23 would be unworkable . . . . One rule or the other must govern." *Wm T. Thompson Co. v. Gen*

24 *Nutrition Corp.*, 671 F.2d 100, 104 (3d Cir. 1982) (citations omitted). Similarly, in cases in which

25 jurisdiction is based both on diversity of citizenship and the presence of federal claims, federal

---

[7] In this respect, the Movants would not be able to obtain a stay even under the "alternative" formulations used under Fed. R. Civ. Proc. 62(c), under which "it must be shown as an irreducible minimum that there is a *fair chance* of success on the merits," even if the balance of harm tips sharply in their favor. 2 Matthew Bender Practice Guide, Federal Pretrial Civil Procedure in California § 19.08[3][d] (emphasis added).

10

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/691611.1

DISTRICT CASE NO. 08-CV-01194-W-CAB; BANKRUPTCY COURT NO 04-00769-PB11
OPPOSITION OF CHAPTER 11 TRUSTEE, RICHARD M KIPPERMAN TO MOTION OF DYNAMIC FINANCE CORPORATION AND
ANGELA C. SABELLA FOR STAY PENDING APPEAL [FED. R. BANKR. PROC. 8005]

1    common law controls. 6-26 Moore's Federal Practice - Civil § 26.47[4] & n.28 (Matthew Bender &

2    Co. 2008). As such, "all except the most vociferous proponents of states' rights now agree that state

3    privilege laws do not bind federal judges in cases arising under federal law." 23 Wright & Graham,

4    *Fed. Practice & Proc.* § 5432 (West 1980 & Supp. 2008); *see generally id.* §§ 5433 (discussing the

5    proper gloss on the "state law proviso" in light of the legislative history).

6        **2.    The Overwhelming Weight of Authority Commands the Use of Federal Common
            Law of Privilege in Connection with Subpoenas Issued Pursuant to Fed. R.**

7        **Bankr. Proc. 2004—*No Case* Holds to the Contrary**

8        The determination of the applicable law of privilege in connection with a subpoena issued

9    pursuant to Fed. R. Evid. 2004, as in this case, is even simpler. The answer is quite clear cut. It is

10    Hornbook law that discovery in connection with Fed. R. Bankr. Proc. 2004 will be governed by the

11    federal common law of privilege:

12            The examination of any person pursuant to § 343 and Rule 2004
                "concerning the acts, conduct, or property or to the liabilities and
13            financial condition of the debtor, or to any matter which may affect the
                administration of the debtor estate, or to the debtor's right to a
14            discharge" is nonadversarial in nature aimed at discovering evidence
                upon which future causes of action may be based and is therefore
15            governed by bankruptcy law rather than state substantive law. Thus in
                questioning or if a *subpoena duces tecum* is issued in connection
16            therewith, ***federal common law rules of privilege will apply***.

17    Hon. Barry Russell, *Bankruptcy Evidence Manual* § 501.3 (West 2006) (quoting Fed. R. Bankr.

18    Proc. 2004) (emphasis added).[8]

19        The Appellants mischaracterize this established legal principle as having been articulated by

20    "only one" court, which they describe as "error." [Motion at 14 n.23 (citing to *In re Bautista*, 2007

21    Bankr. LEXIS 4170, *3-4) (Bankr. N.D. Cal. 2007)]. They argue that "this circular logic would

22    never allow any state privilege law in any federal court because all federal discovery is carried out

23    pursuant to federal rules of some sort." Appellants' remark, which is lifted out of context (and

24    without any attribution) from *In re Tidewater Group, Inc.*, 65 B.R. 179, 182 (Bankr. N.D. Ga. 1986),

25    introduces a logical fallacy by suggesting that the plethora of cases construing the application of

26    privilege in the context of Rule 2004 discovery have misapplied Fed. R. Evid. 501. Rather, the court

27

28    ────────────────────
    [8] The Honorable Barry Russell is the Chief Judge of the United States Bankruptcy Court for the
    Central District of California.

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

DISTRICT CASE NO. 08-CV-01194-W-CAB; BANKRUPTCY COURT NO 04-00769-PB11
OPPOSITION OF CHAPTER 11 TRUSTEE, RICHARD M KIPPERMAN TO MOTION OF DYNAMIC FINANCE CORPORATION AND
ANGELA C. SABELLA FOR STAY PENDING APPEAL [FED. R. BANKR. PROC. 8005]

SDODMS1/691611.1

1    in *Tidewater* was responding to the plaintiff's argument that federal law should still apply even

2    though *only* state law claims had been brought in an adversary proceeding, where the claim was

3    ancillary under the bankruptcy court's "related to" jurisdiction. The court acknowledged with

4    approval the cases holding that discovery conducted pursuant to Rule 2004, which is conducted

5    *within the bankruptcy case itself* (as opposed to being part of an adversary proceeding), necessarily

6    concerns federal bankruptcy law and requires the use of federal law. *Id.* at 181.

7         *In re Bautista* similarly stands on the shoulders of ample authority and is not "error." The

8    principle that federal common law of privilege applies in connection with Rule 2004 has long been

9    established by an overwhelming—indeed *unanimous*—weight of judicial precedent. *See* Russell

10    *supra* at § 501.3 (collecting cases). In fact, there is *no* case cited by the Appellants that holds to the

11    contrary. Furthermore, the Trustee has been unable to locate a single case that even remotely stands

12    for Appellants' proposition. The cases cited by Appellants in Section B.2 of their Motion are

13    inapposite, having no bearing at all on the Discovery Order. *Star Editorial, Inc., v. U.S. District*

14    *Court*, 7 F.3d 856, 859 (9th Cir. 1993), and *Amco Ins. Co. v. Madera Quality Nut LLC*, 2006 U.S.

15    Dist. LEXIS 21205, at *12 (E.D. Cal. 2006) were each a case in diversity. The "obvious corollary"

16    to *In re International Horizons*, 689 F.2d 996 (11th Cir. 1982), suggested by the Appellants (without

17    any citation to authority), *i.e.*, "that the forum state's laws on privilege do apply when asserted state

18    claims underlie a bankruptcy discovery dispute" is neither "obvious" nor a "corollary." As

19    discussed above, where mixed federal and state law claims are brought in a bankruptcy case, federal

20    law applies.[9]

21         The most recent published case discussing the applicable rules of privilege in connection

22    with Rule 2004, *In re Asia Global Crossing, LTD*, 322 B.R. 247 (Bankr. S.D.N.Y 2005), is

23    representative of the general body of case law on this subject. In *Asia Global Crossing*, a trustee

24    was appointed to administer the assets of the debtor's estate and thus began an investigation into

25    certain transactions involving certain insiders of the debtor. The trustee obtained orders pursuant to

26

27    [9] *Hamilton v. Lumsden (In re Geothermal Resources)*, 93 F.3d 648 (9th Cir. 1996) and *Taxel v.*
*Equity Gen'l Ins. Co. (In re Couch)*, 80 B.R. 512, 515 (S.D. Cal. 1987), also cited by Appellants,

28    each present the unique situation where state law presented the only claim or the only remaining
issue in the case. Neither arose in the context of Rule 2004.

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

12
DISTRICT CASE NO. 08-CV-01194-W-CAB; BANKRUPTCY COURT NO 04-00769-PB11
OPPOSITION OF CHAPTER 11 TRUSTEE, RICHARD M KIPPERMAN TO MOTION OF DYNAMIC FINANCE CORPORATION AND
ANGELA C. SABELLA FOR STAY PENDING APPEAL [FED. R. BANKR. PROC. 8005]
SDODMS1/691611.1

1  Fed. R. Bankr. Proc. 2004 and caused subpoenas to be served on these insiders, along with other

2  parties in interest. When the insider targets of the subpoenas asserted certain privileges, the trustee

3  moved to compel production of the withheld documents, including on the grounds that the

4  documents had been shared with a third party and thus any privilege waived. The insiders claimed

5  that state law of privilege should apply "because the claims that the Trustee [was] likely to pursue

6  arise under state law." *Id.* at 254. Furthermore, the insiders claimed that they had filed a proof of

7  claim that would need to be determined under state law contract principles. *Id.* Lastly, the insiders

8  claimed that state privilege law should apply because the trustee had already "commenced actions

9  against some of the Insiders that, *inter alia*, assert claims under California state law." *Id.* Citing the

10  *Bankruptcy Evidence Manual*, the bankruptcy court rejected each of these contentions, stating that

11  "even if the Trustee ultimately intends to pursue state law claims, federal law nonetheless controls

12  the privilege[where the] privilege question *arose in the context of the Court's Rule 2004 orders and*

13  *corresponding subpoenas.*" *Id.* (emphasis added); *accord In re Rafsky*, 300 B.R. 152 (Bankr. D.

14  Conn. 2003).

15
16  ### 3.  Federal Law Would Control Here Even Assuming Arguendo It Occurred Outside of a Rule 2004 Examination

17  Outside of the Rule 2004 context, although bankruptcy cases often require the use of state

18  law, for example, in the determination of a creditor's claim, the majority of bankruptcy adversary

19  proceedings still utilize federal common law of privilege under Fed. R. Evid. 501. First, merely

20  because a bankruptcy court must look to state law in making determinations in respect to an element

21  of a claim, this does not dictate reference to state privilege law under Fed. R. Evid. 501. The

22  legislative history to Fed. R. Evid. 501 makes clear that

23  > When a federal court chooses to absorb state law, it is applying the
24  > state law as a matter of federal common law. Thus the state law does
     > not supply the rule of decision (even though the federal court may
25  > apply a rule derived from state decisions), and state privilege law
     > would not apply.

26  H.R. Rep. No. 1597, 93d Cong., 2d Sess (1974); *see International Horizons, Inc. v. Committee of*

27  *Unsecured Creditors (In re International Horizons, Inc.)*, 689 F.2d 1982, 1003 n.15 (11th Cir. 1982).

28  Second, most bankruptcy adversary proceedings ordinarily present a mix of federal and state claims

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

13

DISTRICT CASE NO. 08-CV-01194-W-CAB; BANKRUPTCY COURT NO 04-00769-PB11
OPPOSITION OF CHAPTER 11 TRUSTEE, RICHARD M KIPPERMAN TO MOTION OF DYNAMIC FINANCE CORPORATION AND
ANGELA C. SABELLA FOR STAY PENDING APPEAL [FED. R. BANKR. PROC. 8005]
SDODMS1/691611.1

1    and are thus necessarily controlled by the federal common law of privilege as to all claims, both state

2    and federal. *See, e.g., Meoli*, 287 B.R. at 813 (discussing such state law claims in terms of pendent

3    jurisdiction to the federal question claims).

4        Only in the unique situation where a discrete bankruptcy adversary proceeding concerns

5    "solely state law," such as claims for breach of a contract or commission of a tort, will Rule 501

6    require reference to state law of privilege. *See In re Tidewater Group, Inc.*, 65 B.R. at 179. This is

7    unquestionably not the case here. As is demonstrated by reference to the Trustee's Counterclaims,

8    any state law issues only arise to "fill the interstices or gaps in federal statutory phrases" where

9    federal bankruptcy law has absorbed state law. *See* Wright & Graham, Fed. Practice & Proc. § 5433.

10   Here, the Trustee has filed state law counterclaims[10] in response to an adversary proceeding against

11   the Trustee and other creditors that was filed by Appellants more than a year after the Rule 2004

12   Subpoena was issued to Mr. Lei. These counterclaims, are however brought in conjunction with

13   numerous federal claims. As such, "state privilege law would not apply" to that adversary

14   proceeding. *See id.*

15       There are no legitimate legal questions involved at all here, much less any questions of law

16   that are "so serious, substantial, difficult and doubtful as to make them a fair ground for litigation

17   and thus for more deliberate inquiry."

18       **4.   Equity Should Preclude Appellants from Now Claiming that the Federal
             Common Law of Privilege Should not Apply After Having Caused the Trustee**
19           **and the Bankruptcy Court to Rely Upon Their Invocation of the Federal
             Common Law Construct of a "Client Representative"**
20

21       There is something distinctly inequitable and unseemly with respect to Appellants' sudden

22   rejection of federal common law in respect to the Discovery Order. The history of these proceedings

23   bear out the fact that it was the *Appellants* that invoked federal common law privilege claims in

24   opposition to the Trustee's discovery, claiming that Mr. Lei qualified as a "client representative"

25   under the principles of federal common law. A few points of reference follow:

26   _____
     [10] The Appellants raised these counterclaims as an issue in their motion requesting a stay to the
27   Bankruptcy Court. This was improper for many reasons. First, the adversary proceeding was not
     part of the record in the Evidentiary Hearing. Second, the adversary proceeding was brought more
28   than a year *after* the Trustee's Rule 2004 Subpoena had issued, and thus is irrelevant to that
     Subpoena.

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

1     • The initial opposition filed on May 29, 2007 by counsel on behalf of Lei, Alcon,

2        Dynamic, and Sabella to the Trustee's Motion to Compel [Appellants' RFJN Ex. 7]

3        stated as follows: "As to the law within the Ninth Circuit, Examinees agree with the

4        Trustee that the case of *Memry Corp. v. Ky. Oil Tech., Nv.*, 2007 U.S. Dist LEXIS

5        3094 (N.D. Cal. 2007), adopting the Eighth Circuit decision of *In re Bieter Co.*, 16

6        F.3d 929, 937 (8th Cir. 1994), best elucidates the inclusion of "client representative"

7        within the attorney/client privilege." [Id. at 11.] The opposition then proceeds for

8        three pages (following an extensive quote from *In re Bieter*) to apply the facts of *In re*

9        *Bieter* to the activities of Mr. Lei. Their conclusion? Based upon the holding in *In re*

10       *Bieter*, Mr. Lei was the functional equivalent of an employee as defined under *In re*

11       *Bieter*, and thus "[q]ualified communications involving Alcon/Lei are subject to

12       privilege under federal law as they were under California law." [*Id.* at 11-14.]

13    • In oral argument on the Trustee's motion to compel, on July 25, 2007, counsel for

14       Lei, Alcon, Dynamic, and Sabella did not even discuss state law issues of privilege at

15       all. [*See* Reporter's Transcript of Proceedings, July 25, 2007 at 42-46 (Bankruptcy

16       Court Docket No. 659, applicable portions attached as Ex. 7 to Trustee's Request for

17       Judicial Notice).] Rather, counsel engaged in an extended discussion of *In re Bieter*

18       *Co.*, claiming that Mr. Lei was the functional equivalent of an employee as defined in

19       *In re Bieter Co.* where "all the factors are present as they were in *Bieter*." [*See id.* at

20       44.]

21    • Based upon the parties' joint support of the holding in *In re Bieter Co.* in their

22       pleadings on the Trustee's Motion to Compel and in argument presented at the

23       hearing on the Motion to Compel, the Bankruptcy Court called for an evidentiary

24       hearing to determine the facts under the law of this case, stating "I need more facts

25       that would allow me to conclude whether—and here's part of my problem that I'm

26       wrestling with, and that is this notion that if Mr. Lei is a functional equivalent of an

27       employee under the *Bieter* rationale for some purposes, is he one for all purposes; and

28       if he's not, then as to each of the documents we have to have an independent

15

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

DISTRICT CASE NO. 08-CV-01194-W-CAB; BANKRUPTCY COURT NO 04-00769-PB11
OPPOSITION OF CHAPTER 11 TRUSTEE, RICHARD M KIPPERMAN TO MOTION OF DYNAMIC FINANCE CORPORATION AND
ANGELA C. SABELLA FOR STAY PENDING APPEAL [FED. R. BANKR. PROC. 8005]

SDODMS1/691611.1

1  determination about whether there's a factual basis to support it, because it's got to

2  show that the context in which it arose was a context that supports those facts that

3  says at that point in time he was acting as a functional equivalent of an employee."

4  [*Id.* at 50.]

5  • In their objection to the Trustee's proposed lodged order on the Motion to Compel

6  dated August 23, 2007, [Bankruptcy Docket No. 656, Trustee's Request for Judicial

7  Notice Ex. 8], Lei, Alcon, Dynamic, and Sabella again cited to federal common law,

8  stating as follows: "In point of fact, and as counsel for the Trustee is well aware,

9  prevailing case law on this issue requires a viewing of the "totality of the

10 relationship" between the representative and the client." [*Id.* citing to *Memry Corp. v.*

11 *KY. Oil Tech, NV*, 2007 U.S. Dist. LEXIS 3094 (N.D. Cal. Jan 4, 2007) and *In re*

12 *Bieter, Co.* 16 F.3d 929, 937 (8th Cir. 1994).] Both *Memry Corp* and *In re Bieter Co.*

13 are decided under federal common law of privilege.

14 • In their Trial Brief filed in connection with the Evidentiary hearing dated March 7,

15 2008 [Appellants' RFJN 11], Dynamic and Sabella devoted an entire section of their

16 brief to "Application of the Federal Law of Privilege as to Client Representatives."

17 Reaffirming their prior position, Appellants again opined that "[a]s to the law within

18 the Ninth Circuit, [Appellants] agree with the Trustee that the case of *Memry Corp. v.*

19 *Ky. Oil Tech., Nv.*, 2007 U.S. Dist LEXIS 3094 (N.D. Cal. 2007), adopting the Eighth

20 Circuit decision of *In re Bieter Co.*, 16 F.3d 929, 937 (8th Cir. 1994), best elucidates

21 the inclusion of "client representative" within the attorney/client privilege." [*Id.* at 3.]

22 Their discussion of *In re Bieter Co.* and its application to the facts of the case

23 continues for seven pages. [*Id.* at 3-8.] Indeed, an entire section of the brief is

24 devoted to federal common law of privilege and its applicability to the facts.

25 • In their Closing Brief dated April 8, 2008 [Appellants' RFJN Ex. 12, in the section

26 entitled "Application of the Evidence in this Case to the *Governing* Law Establishes

27 that Alcon/Lei Were the "Client Representative" of Dynamic/Sabella" Appellants

28 included a subsection entitled "The Evidence Shows that Alcon/Lei were

16

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/691611.1

1  Dynamic/Sabella's "Client Representative" Pursuant to the *Bieter* and *Memry*

2  factors." Therein they again reaffirm their prior statement that "[a]s to the law within

3  the Ninth Circuit, [Appellants] agree with the Trustee that the case of *Memry Corp. v.*

4  *Ky. Oil Tech., Nv.*, 2007 U.S. Dist LEXIS 3094 (N.D. Cal. 2007), adopting the Eighth

5  Circuit decision of *In re Bieter Co.*, 16 F.3d 929, 937 (8th Cir. 1994), best elucidates

6  the inclusion of "client representative" within the attorney/client privilege." They

7  then proceed to argue for 23 pages how federal common law, elucidated in these

8  particular cases, applies to the facts of this case.

9     Although both prior to and following the Evidentiary Hearing Appellants consistently cited

10  to the *In re Bieter Co.* opinion, enthusiastically embracing it as the ultimate touchstone of federal

11  common law of privilege applicable in the Ninth Circuit, at no time did Appellants ever quibble with

12  or attempt to distinguish its clear statement that the "client representative" construct under federal

13  common law does _not_ apply in the case of an individual, as opposed to a corporation. *See In re*

14  *Bieter Co.*, 16 F.3d at 935. The Appellants appear to have been hoisted on their own petard in this

15  respect. As such, their recent arguments regarding the "wrong" choice of law by the Bankruptcy

16  Court thus appear to be foreclosed by their own prior representations made to the Bankruptcy Court

17  and to the Trustee as to the applicability of federal common law of privilege to the facts of this case.

18  Faced with this factual background, Appellants' argument on appeal appears to disintegrate into the

19  ridiculous proposition that federal common law should apply at their changeable whim: that is,

20  federal common law is applicable only if the Bankruptcy Court makes a factual finding that Isaac

21  Lei was the "functional equivalent of an employee" of Dynamic, but not when the Bankruptcy Court

22  finds that he was conducting his activities in connection with Sabella. This is an unprincipled

23  distinction and does not reflect the codified mechanics of Fed. R. Evid. 501.

24     It would be an absurd misuse of the judicial process to allow Appellants to induce the

25  Bankruptcy Court, the Trustee, and the other creditors of the estate to undergo the extraordinary

26  delays and expense of a three-day evidentiary hearing to determine the application of the facts to the

27  federal common law privilege construct of a "client representative," *specifically* as articulated in *In*

28  *re Bieter Co*, only to later allow Dynamic and Sabella to disavow *In re Bieter* and all related federal

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

1  common law, simply because they later received an unfavorable ruling arising out of the application

2  of federal common law.

3  **B.     The Appellants' Claims of Irreparable Harm from a Discovery Order Do Not Entitle**
   **Them a "Free Ticket" to Receive a Stay Pending their Appeal**

4

5         The Appellants try to stress the "irreparable harm" that they will suffer if the alleged

6  privileged communications with their attorneys are disclosed.  They couple this with the standard

7  references to "un-ringing the bell," "letting the cat out of the bag," "unscrambling eggs," etc.  The

8  problem with this argument is that, where they have not satisfied the first prong of the test, under

9  Rule 8005 questions of irreparable harm are irrelevant.  There is no "free ticket" in federal court to

10 delaying the execution of a court order for the sake of delay itself, simply by virtue of the fact that an

11 appellant raises a meritless claim of privilege.  If this were the law, there would be no reason for the

12 test, for every appellant would make a meritless privilege claim in order to obtain a "free pass" to a

13 stay.

14        Here, under the weight of clear authority, there is no privilege to be lost.  The Appellants

15 have raised no colorable question of law or fact that rebuts this.  As such, the Appellants' claim of

16 irreparable harm is an illusory chimera.  A stay under these circumstances would only result in

17 unnecessary delay of the execution of the Bankruptcy Court's lawful order, with no countervailing

18 societal benefit.  As stated above, a moving party's failure to establish success on the merits is

19 reason for denial of a stay, and any irreparable harm that Movants may demonstrate is nullified by

20 their failure to raise a colorable case for appeal on the merits.

21        The principle that the Appellants *must* make a showing of *probability* of success on the

22 merits in order to obtain a stay under Rule 8005 was noted by the Bankruptcy Court in ruling on its

23 denial of the stay request:

24            You chose to use the word "possibility," which is one of those classic
             T.V. show questions of cross-examination to an expert witness.  "Well
25           Doctor, isn't it possible that?"  You know?  And the answer usually is
             just about anything is "possible."  Okay?
26
             And so I'm back pondering the same question that Mr. Mojdehi was
27           pondering and that is, is the test—does it really boil down to
             irreparability and degree of irreparability, if there's any "possibility."
28           And if there's always a "possibility," then the test becomes a one-

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

DISTRICT CASE NO. 08-CV-01194-W-CAB; BANKRUPTCY COURT NO 04-00769-PB11
OPPOSITION OF CHAPTER 11 TRUSTEE, RICHARD M KIPPERMAN TO MOTION OF DYNAMIC FINANCE CORPORATION AND
ANGELA C. SABELLA FOR STAY PENDING APPEAL [FED. R. BANKR. PROC. 8005]

SDODMS1/691611.1

1           prong test; if you can show irreparability.

2           . . .

3           But I'm constrained by the law, as I read it, applicable in this circuit,
            under [Rule] 8005 and the cases decided under there to apply all the
4           prongs of the test. And the movant has to meet each of those.

5           I'm not persuaded that the "possibility" of success on the merits,
            however remote, is sufficient unto itself independent of irreparability
6           or even dependent on irreparability sufficient to satisfy the test.

7   [Reporter's Transcript of Proceedings, July 2, 2008 at 13-15 (Appellants Ex. 21 to RFJN.)]

8         Furthermore, the Appellants' harm is not the only harm to be considered. The Appellants

9   also must show that the bankruptcy estate and its creditors would not be harmed by a stay. *Yeganeh*

10  *v. Sims (In re Yeganeh)*, 2006 U.S. Dist. LEXIS 32765 (N.D. Cal. May 12, 2006). Here, the

11  Bankruptcy Court made specific findings in the hearing on the Appellants' motion for a stay to the

12  effect that he was "concerned about what has happened in the course of this case," in particular, the

13  excessive delays encountered by the Trustee in obtaining discovery from Mr. Lei:

14          I am concerned about how Ms. Sabella's and Dynamic's counsel have
            changed horses. Then we had the problem of getting counsel for Mr.
15          Lei, who had been represented by the Pachulski firm up to that point in
            time in the context of the proceedings and the discovery. And I am
16          concerned about the amount of delay that has already occurred in this
            case.
17

18  [Reporter's Transcript of Proceedings, July 2, 2008 at 15 (Appellants Ex. 21 to RFJN.)] As such,

19  and in light of the fact that the Appellants have minimal possibility of success on the merits, the

20  Bankruptcy Court denied the stay and did not provide a temporary stay for purposes of presenting a

21  similar request to this Court. [*Id.*]

22  **C.**    **The Delay Stemming from This Discovery Dispute Has Continued for Over Eighteen
           Months and Thus Militates Towards Allowing the Trustee to Immediately Execute on
23         the Discovery Order**

24        As discussed above, this bankruptcy case was first filed in January 2004. The case

25  proceeded in debtor-in-possession status for over two years until the Trustee was finally appointed in

26  June 2006, following the request of the Office of the United States Trustee and a failed settlement

27  attempt between the debtor-in-possession and Dynamic and Sabella, which was objected to by other

28  creditors. After numerous battles regarding obtaining the books and records of the estate and after

19

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

DISTRICT CASE NO. 08-CV-01194-W-CAB; BANKRUPTCY COURT NO 04-00769-PB11
OPPOSITION OF CHAPTER 11 TRUSTEE, RICHARD M KIPPERMAN TO MOTION OF DYNAMIC FINANCE CORPORATION AND
ANGELA C. SABELLA FOR STAY PENDING APPEAL. [FED. R. BANKR. PROC. 8005]

SDODMS1/691611.1

1  meeting strong resistance from initial deponents (and accordant delays), the Trustee was first in a

2  position on February 16, 2007 to issue the Subpoena to Mr. Lei, who initially had filed declarations

3  in the bankruptcy proceeding proclaiming himself to be an "*independent* mortgage broker." It has

4  taken the Trustee well over a year and a half to just get to the point of obtaining the Discovery Order

5  compelling the production of documents pursuant to this Subpoena. The docket is otherwise replete

6  with evidence of the struggles to obtain these same documents endured by creditors of the estate,

7  even prior to the Trustee's appearance, in particular with respect to discovery conducted with respect

8  to the failed settlement attempt by the debtor-in-possession. As such, the battle—rather, in light of

9  its long duration, perhaps better phrased as the "war"—to obtain production of these documents

10  dates back at least to January of 2006, if not earlier. [*See, e.g.,* Notice of Motion and Motion to

11  Compel Production of Documents by Bree Creditors, dated March 16, 2006 (Bankruptcy Docket

12  Entry 421, attached as Ex. 9 to the Trustee's Request for Judicial Notice.)

13      Such excessive delay in the context of a Rule 2004 examination is extraordinary and is truly

14  intolerable. The other creditors of the bankruptcy estate are being continually harmed by this

15  ongoing discovery battle.

16  **D.      Brief Comments on the "Public Interest" In Connection with this Appeal**

17      In the end analysis, larger policy considerations are necessarily a factor in the determination

18  of any motion requesting a stay of an order of a bankruptcy court in a case arising under the

19  Bankruptcy Code.

20      Under federal common law, there exists a fundamental principle that "the public . . . has the

21  right to every man's evidence." *United States v. Bryan*, 339 U.S. 323, 331 (1950). Thus, a court

22  must start with the "primary assumption that there is a general duty to give what testimony one is

23  capable of giving, and that any exemptions which may exist are distinctly exceptional, being so

24  many derogations from a positive general rule." *Id.* at 323. As such, because a privilege stands "in

25  derogation of the public's 'right to every man's evidence, .. . it ought to be strictly confined within

26  the narrowest limits consistent with the logic of its principle." *In re Grand Jury Subpoenas Dated*

27  *January 20, 1998*, 995 F. Supp. 332, 337 (E.D.N.Y 1998). In addition to this general principle under

28  federal common law, in all bankruptcy cases there exists an overriding important federal interest in

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

20

DISTRICT CASE NO. 08-CV-01194-W-CAB; BANKRUPTCY COURT NO 04-00769-PB11
OPPOSITION OF CHAPTER 11 TRUSTEE, RICHARD M KIPPERMAN TO MOTION OF DYNAMIC FINANCE CORPORATION AND
ANGELA C. SABELLA FOR STAY PENDING APPEAL [FED. R. BANKR. PROC. 8005]

SDODMS1/691611.1

1    assuring complete and accurate disclosure in all federal bankruptcy proceedings. Furthermore, the

2    federal interest in prompt and full disclosure is particularly strong in respect to Rule 2004 discovery.

3    The Supreme Court has held that where such a federal interest in investigation and disclosure exists,

4    "that authority should be upheld absent express statutory prohibition or substantial countervailing

5    policies." *United States v. Arthur Young & Co. et al.*, 465 U.S. 805 (1984) (discussing the

6    information gathering authority under IRC § 7602).

7         A longstanding core policy of the Bankruptcy Code is to provide a cost-effective and speedy

8    process to minimize the cost to creditors. Thus, Rule 8005, along with all the other Fed. Rules

9    Bankr. Proc., need to be construed in light of this overriding policy goal. Rule 1001 states: "These

10   rules shall be construed to secure the just, speedy, and inexpensive determination of every case and

11   proceeding." In light of these considerations and the havoc the continued delay from a stay would

12   continue to wreak on the estate—and particularly viewed in light of the very thin meritorious reed

13   upon which Appellants' Motion hinges—the policy of the Bankruptcy Code militates against

14   granting the Motion.

15        This same underlying policy was articulated by the Eleventh Circuit in *In re International*

16   *Horizons, Inc.*, 689 F.2d at 1004 (citations omitted), in rejecting the movant's request to engraft state

17   law privilege principles into Rule 2004:

18            "Truth is mighty above all things." It is beauty. It is liberation. The
              people understand the transcendent value of truth and their Congress
19            has framed rules of adversary procedure designed to foster revelation.
              These rules reflect adherence to a general principle: "the public . . . has
20            a right to every man's evidence."

21        The underlying policy of bankruptcy, as well as well engrained principles of federal law thus

22   militate towards denial of the stay. The Trustee has waited an awfully long time to finally get to the

23   truth of the matter. It is time to get on with business and for the Appellants to finally turn over the

24   documents that they have wrongfully withheld from the Trustee to the derogation of the interests of

25   other creditors of the bankruptcy estate.

26   / / /

27   / / /

28   / / /

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/691611.1

21
DISTRICT CASE NO. 08-CV-01194-W-CAB; BANKRUPTCY COURT NO 04-00769-PB11
OPPOSITION OF CHAPTER 11 TRUSTEE, RICHARD M KIPPERMAN TO MOTION OF DYNAMIC FINANCE CORPORATION AND
ANGELA C. SABELLA FOR STAY PENDING APPEAL [FED. R. BANKR. PROC. 8005]

1

## V.    CONCLUSION

2      For the reasons set forth above, the Trustee respectfully requests this Court to deny the

3  Appellants' Motion requesting a stay on appeal.

4

5  Dated:   July 16, 2008                          BAKER & McKENZIE LLP

6

7                                         By: /s/ Ali M.M. Mojdehi
                                              Ali M.M. Mojdehi
8                                             Janet D. Gertz
                                              Counsel for Appellee, Chapter 11 Trustee,
9                                             Richard M Kipperman

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

DISTRICT CASE NO. 08-CV-01194-W-CAB; BANKRUPTCY COURT NO 04-00769-PB11
OPPOSITION OF CHAPTER 11 TRUSTEE, RICHARD M KIPPERMAN TO MOTION OF DYNAMIC FINANCE CORPORATION AND
ANGELA C. SABELLA FOR STAY PENDING APPEAL [FED. R. BANKR. PROC. 8005]

SDODMS1/691611.1