Michael Gerard Fletcher (State Bar No. 070849)
    mfletcher@frandzel.com
Tricia L. Legittino (State Bar No. 254311)
    tlegittino@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard
Seventeenth Floor
Los Angeles, California 90048-4920
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Movants/Appellants
Dynamic Finance Corporation and Angela C. Sabella

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | District Case No. 08-CV-01194-W-CAB |
| NORTH PLAZA, LLC, | Bankruptcy Court No. 04-00769-PB11 |
| Debtor. | Appeal No. 2 |
| | |
| ANGELA C. SABELLA and DYNAMIC FINANCE CORPORATION, | **FIRST AMENDED REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR STAY PENDING APPEAL OF BANKRUPTCY COURT ORDER** |
| Appellants, | |
| v. | |
| CHAPTER 11 TRUSTEE RICHARD KIPPERMAN, | DATE:            N/A
TIME:            N/A
COURTROOM:  Seven |
| Appellee. | The Honorable Thomas J. Whelan, Judge Presiding |

Appellants/Movants Dynamic Finance Corporation and Angela C. Sabella hereby amend the Request for Judicial Notice filed on July 11, 2008 to include the following papers and pleadings, true and complete copies of which are attached hereto at the Exhibit tabs referenced below and incorporated herein:

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

1    27. Order Denying Dynamic Finance Corporation and Angela Sabella's Motion for Stay

2       Pending Appeal of Order on Trustee's Motion to Compel Discovery from Isaac Lei/the

3       Alcon Group (On Shortened Time) entered on July 15, 2008. **BK Docket No. 802.**

4    28 Chapter 11 Trustee, Richard M. Kipperman's Answer to Complaint; Counterclaims to

5       Complaint, United States Bankruptcy Court Southern District (San Diego), *Dynamic*

6       *Finance Corporation v. Kipperman, et al.,* Case No. 08-90035-PB filed January 28, 2008.

7

8    DATED: July 21, 2008         FRANDZEL ROBINS BLOOM & CSATO, L.C.
                            MICHAEL GERARD FLETCHER

9                              TRICIA L. LEGITTINO

10

11                  By:  /s/ Michael Gerard Fletcher

12                        MICHAEL GERARD FLETCHER
                       Attorneys for Movants/Appellants

13                        Dynamic Finance Corporation and
                       Angela C. Sabella

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Michael Gerard Fletcher (State Bar No. 070849)
     mfletcher@frandzel.com
2  Tricia L. Legittino (State Bar No. 254311)
     tlegittino@frandzel.com
3  FRANDZEL ROBINS BLOOM & CSATO, L.C.
   6500 Wilshire Boulevard
4  Seventeenth Floor
   Los Angeles, California 90048-4920
5  Telephone: (323) 852-1000
   Facsimile: (323) 651-2577
6
   Attorneys for Movants/Appellants
7  Dynamic Finance Corporation and Angela C. Sabella

8

9                **UNITED STATES DISTRICT COURT**

10              **SOUTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12   In re | District Case No. 08-CV-01194-W-CAB |
| 13   NORTH PLAZA, LLC, | Bankruptcy Court No. 04-00769-PB11 |
| 14          Debtor. | Appeal No. 2 |
| 15 | |
| 16   DYNAMIC FINANCE CORPORATION and ANGELA C. SABELLA, | **EXHIBIT 27 THROUGH 28 TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR STAY** |
| 17 | **PENDING APPEAL OF BANKRUPTCY COURT ORDER** |
| 18          Appellants,    v. | |
| 19   CHAPTER 11 TRUSTEE RICHARD KIPPERMAN, | DATE:         N/A   TIME:         N/A   COURTROOM: Seven |
| 20 | |
| 21          Appellee. | The Honorable Thomas J. Whelan, Judge Presiding |
| 22 | |
| 23 | |
| 24 | |

25

26

27

28

**EXHIBIT 27**

EXHIBIT 27
PAGE 343

CSD 1001C [08/22/03]
Name, Address, Telephone No. & I.D. No.
Ali M.M. Mojdehi, State Bar No. 123846
Janet D. Gertz, State Bar No. 231172
**BAKER & MCKENZIE LLP**
12544 High Bluff Drive, Third Floor
San Diego, CA  92130-3051
Telephone: +1 858 523-6200
Facsimile: +1 858 259-8290
Attorneys for Richard M Kipperman, Chapter 11 Trustee



)GED

Order Entered on
July 15, 2008
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| In Re | |
|---|---|
| North Plaza, LLC<br>a California Limited Liability Company<br><br>Debtor. | BANKRUPTCY NO.  04-00769 PB11<br><br>Date of Hearing: July 2, 2008<br>Time of Hearing: 2:00 p.m.<br>Name of Judge: Hon. Peter W. Bowie |

### ORDER DENYING DYNAMIC FINANCE CORPORATION AND ANGELA SABELLA'S MOTION FOR STAY PENDING APPEAL OF ORDER ON TRUSTEE'S MOTION TO COMPEL DISCOVERY FROM ISAAC LEI/THE ALCON GROUP (ON SHORTENED TIME)

**IT IS ORDERED THAT** the relief sought by Dynamic Finance Corporation and Angela Sabella in their Motion for Stay

Pending Appeal of Order on Trustee's Motion to Compel Discovery from Isaac Lei/The Alcon Group (On Shortened Time),

Docket Entry No. 775, is denied.  Notice of Lodgment Docket Entry No. <u>797.</u>

//

//

//

//

//

DATED:

July 15, 2008

Signature by the attorney constitutes a certification under
Fed. R. of Bankr. P. 9011 that the relief in the order is the
relief granted by the court.

Submitted by:

**BAKER & MCKENZIE LLP**

(Firm name)

By:  __/s/ Ali M.M. Mojdehi__
     Ali M.M. Mojdehi,
     Attorneys for Richard M Kipperman,
     Chapter 11 Trustee for North Plaza, LLC

_____
Judge, United States Bankruptcy Court

CSD 1001C
SDODMS1/691263.1

American LegalNet, Inc.
www.USCourtForms.com

**EXHIBIT 27**
**PAGE 344**

CSD 1001C (08/22/03) (Page 2)
ORDER DENYING DYNAMIC FINANCE CORPORATION AND ANGELA SABELLA'S
MOTION FOR STAY PENDING APPEAL OF ORDER ON TRUSTEE'S MOTION TO
COMPEL DISCOVERY FROM ISAAC LEI/THE ALCON GROUP (ON SHORTENED
NOTICE)
DEBTOR:  NORTH PLAZA, LLC                                    CASE NO:   04-000769 PB11

_____

    The Court, having considered Dynamic Finance Corporation and Angela Sabella's Motion for Stay Pending

Appeal of Order on Trustee's Motion to Compel Discovery from Isaac Lei/The Alcon Group (On Shortened Time)

("Motion") [Docket Entry 775], having reviewed all papers, and having heard the arguments of counsel,

    **IT IS HEREBY ORDERED** that the Motion be, and hereby is, denied.

American LegalNet, Inc.
www.USCourtForms.com

CSD 1001C
SDODMS1/691263.1

*Signed by Judge Peter W. Bowie July 15, 2008*

**EXHIBIT 27**
**PAGE 345**

**EXHIBIT 28**

EXHIBIT 28
PAGE 346

1   Ali M.M. Mojdehi, State Bar No. 123846
    Janet D. Gertz, State Bar No. 231172
2   **BAKER & McKENZIE LLP**
    12544 High Bluff Drive, Third Floor
3   San Diego, CA 92130-3051
    Telephone: +1 858 523 6200
4   Facsimile: +1 858 523-8290

5   Attorneys for Defendant,
    Richard M Kipperman, Chapter 11 Trustee

6

7

8               UNITED STATES BANKRUPTCY COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10  In re                              Case No. 04-00769-PB11

11  NORTH PLAZA, LLC,                  Chapter Number 11

12       Debtor.                       Adv. Proc. No. 08-90035-PB

13  ───────────────────────────    **CHAPTER 11 TRUSTEE, RICHARD M
                                        KIPPERMAN'S ANSWER TO**
14  DYNAMIC FINANCE CORPORATION, a     **COMPLAINT; COUNTERCLAIMS TO**
    California Corporation,             **COMPLAINT**
15
             Plaintiff,
16
    v.                                  Date:  None Required
17                                      Judge: Hon. Peter W. Bowie
    RICHARD M KIPPERMAN, in his capacity as   Dept:  4
18  Chapter 11 Trustee for North Plaza LLC;
    DORENE N. BREE, individually and in her
19  representative capacity,

20           Defendants.

21

22          TO THE HONORABLE PETER BOWIE, UNITED STATES BANKRUPTCY JUDGE,

23
    AND OTHER PARTIES IN INTEREST:
24

25          Defendant Richard M Kipperman ("Defendant"), in his representative capacity as Chapter 11

26  Trustee of the North Plaza Bankruptcy estate ("Debtor") makes the following Answer and

27  Affirmative Defenses to the "Complaint" filed by Dynamic Finance Corporation ("Dynamic") and

28  asserts the following Counterclaims against Dynamic:      ADV. PROC. NO. 08-90035-PB/CASE NO. 04-00769-PB11
                                                             ANSWER AND COUNTERCLAIMS

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor               SDODMS1/687782.1
San Diego, CA  92130      3/31/08
+1 858 523 6200

**EXHIBIT 28
PAGE 347**

## I. JURISDICTION AND VENUE

1.    In response to Paragraph 1 of the Complaint, Defendant admits that on January 28, 2004, an involuntary petition under Chapter 11 of Title 11 of the United States Code was filed against the Debtor ("Petition Date"). Defendant is without knowledge as to whether North Plaza did not contest the involuntary bankruptcy petition, and on that basis denies this allegation. Defendant admits that on February 27, 2004, an order for relief was entered in North Plaza's bankruptcy case (Case No. 04-00769-PB) pending in the United States Bankruptcy Court for the Southern District of California (the "Court").

2.    In response to Paragraph 2 of the Complaint, Defendant admits this Court has jurisdiction over the matters in the Complaint and the Cross-Complaint under and by virtue of 28 U.S.C. §§ 1334(b) and 157(a) and Federal Rule of Bankruptcy Procedure 7001.

3.    In response to Paragraph 3 of the Complaint, Defendant admits that venue is proper in this Court under the provisions of 28 U.S.C. § 1409.

4.    In response to Paragraph 4 of the Complaint, Defendant admits that the Complaint is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## II. PARTIES

5.    In response to Paragraph 5 of the Complaint, Defendant admits that the plaintiff to the Complaint is Dynamic. As to the remainder of the allegations in Paragraph 5 to the Complaint, Defendant is without information about Dynamic's corporate formation and status and on that basis denies the remainder of the allegations in Paragraph 5 to the Complaint.

6.    In response to Paragraph 6 of the Complaint, Defendant admits the averments in that paragraph.

7.    In response to Paragraph 7 of the Complaint, Defendant is without knowledge of such averments and on that basis denies such averments in that paragraph.

## III. FACTUAL ALLEGATIONS

8.    Defendant denies the averments contained in Paragraph 8 of the Complaint. Specifically, and without limiting such denial, Defendant disputes that Dynamic holds duly secured, perfected and unavoidable claims against North Plaza.

2

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687782.1
3/31/08

ADV. PROC. NO. 08-90035-PB/CASE NO. 04-00769-PB11
ANSWER AND COUNTERCLAIMS

EXHIBIT 28
PAGE 348

9.   Defendant denies the averments contained in Paragraph 9 of the Complaint.

10.   As to the averments contained in Paragraph 10 of the Complaint, Defendant is without knowledge of such averments and on that basis denies such averments.

11.   As to the averments contained in Paragraph 11 of the Complaint, Defendant is without knowledge of such averments and on that basis denies such averments.

12.   Defendant denies the averments contained in Paragraph 12 of the Complaint.

13.   As to the averments contained in Paragraph 13 of the Complaint, Defendant is without knowledge of such averments and on that basis denies such averments.

14.   As to the averments contained in Paragraph 14 of the Complaint, Defendant is without knowledge of such averments and on that basis denies such averments.

15.   As to the averments contained in Paragraph 15 of the Complaint, including the footnote to same, Defendant is without knowledge of such averments and on that basis denies such averments.

16.   As to the averments contained in Paragraph 16 of the Complaint, Defendant is without knowledge of such averments and on that basis denies such averments.

17.   As to the averments contained in Paragraph 17 of the Complaint, Defendant is without knowledge of such averments and on that basis denies such averments.

18.   As to the averments contained in Paragraph 18 of the Complaint, Defendant is without knowledge of such averments and on that basis denies such averments.

19.   As to the averments contained in Paragraph 19 of the Complaint, Defendant is without knowledge of such averments and on that basis denies such averments.

20.   As to the averments contained in Paragraph 20 of the Complaint, Defendant is without knowledge of such averments and on that basis denies such averments.

21.   As to the averments contained in Paragraph 21 of the Complaint, Defendant is without knowledge of such averments and on that basis denies such averments.

22.   As to the averments contained in Paragraph 22 of the Complaint, Defendant is without knowledge of such averments and on that basis denies such averments.

23.   Defendant denies the averments contained in Paragraph 23 of the Complaint.

3

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687782.1
3/31/08

ADV. PROC. NO. 08-90035-PB/CASE NO. 04-00769-PB11
ANSWER AND COUNTERCLAIMS

EXHIBIT 28
PAGE 349

24.    In response to Paragraph 24 of the Complaint, Defendant admits that it disputes the allowability and priority of any claim which Dynamic asserts against North Plaza and its bankruptcy estate.

25.    In response to Paragraph 25 of the Complaint and the prayers for relief contained in paragraphs 1, 2 and 3 of the Complaint (page 7), Defendant states that these paragraphs contain legal conclusions as to which no answer is required, and denies the factual basis for the averments in these paragraphs.

## IV. AFFIRMATIVE DEFENSES

As affirmative defenses to the Complaint, Defendant is informed and believes, and thereon alleges, the following affirmative defenses:

### First Defense

### (Failure to State a Claim)

26.    The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

### (Failure to Mitigate Damages)

27.    The purported claims alleged in the Complaint are barred by Dynamic's failure to mitigate its damages, if any.

### Third Affirmative Defense

### (Estoppel)

28.    Plaintiff is estopped to the purported claims alleged in the Complaint.

### Fourth Affirmative Defense

### (Waiver)

29.    Plaintiff is barred from any and all of the claims alleged in the Complaint under the doctrine of waiver.

### Fifth Affirmative Defense

### (Unclean Hands)

30.    Plaintiff is barred from any and all of the claims alleged in the Complaint under the doctrine of unclean hands.

4

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/687782.1
3/31/08

ADV. PROC. NO. 08-90035-PB/CASE NO. 04-00769-PB11
ANSWER AND COUNTERCLAIMS

EXHIBIT 28
PAGE 350

**Sixth Affirmative Defense**

**(Laches)**

31.     Plaintiff has delayed unreasonably in prosecuting its claims to the prejudice of Defendant and Plaintiff is thereby barred by laches from asserting any and all of the claims alleged in the Complaint.

**Seventh Affirmative Defense**

**(Unjust Enrichment)**

32.     Plaintiff would be unjustly enriched if it were granted any relief under the Complaint and therefore is barred from asserting any and all of the claims alleged in the Complaint.

**Eighth Affirmative Defense**

**(Lack of Authority; Lack of Capacity to Contract)**

33.     Plaintiff is informed and believes, and thereon alleges, that on or about July 15, 2001, Robert Chambers, the Manager of Debtor, North Plaza, LLC, resigned.  Plaintiff is further informed and believes, and thereon alleges, that a successor manager was not appointed until after the Petition Date.

34.     Plaintiff is informed and believes, and thereon alleges, that pursuant to its articles, Debtor ceased to exist as a valid California limited liability company as of December 31, 2001.

35.     Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant Dynamic was aware of both the resignation of Robert Chambers and of the expiration of Debtor's authorization as a California limited liability company.

36.     Any agreements made between Debtor and Plaintiff after July 15, 2001 are unenforceable due to the apparent lack of authority of any person to bind the Debtor to such contract, of which Defendant Dynamic was aware.

37.     Any agreements made between Defendant and Plaintiff after December 31, 2001 are unenforceable due to Plaintiff's lack of capacity to enter into such contracts due to the expiration of its charter as a California limited liability company, of which Defendant Dynamic was aware.

/ / /

/ / /

5.

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687782.1
3/31/08

ADV. PROC. NO. 08-90035-PB/CASE NO. 04-00769-PB11
ANSWER AND COUNTERCLAIMS

EXHIBIT 28
PAGE 351

1

**Ninth Affirmative Defense**
**(Lack of or Failure of Consideration)**

2

3    38.    Any agreements made between the Defendant and Plaintiff, if any, are unenforceable

4    for a lack of and/or failure of consideration.

5    **Tenth Affirmative Defense**

6    **(Statute of Frauds)**

7    39.    Plaintiff's alleged cause of action pertaining to the Third and Fourth Extensions is

8    barred by the provisions of Civil Code Section 1624 in that the Third and Fourth Extensions are each

9    a contract, promise, undertaking, or commitment to loan money or to grant or extend credit, in an

10    amount greater than one hundred thousand dollars ($100,000), not primarily for personal, family, or

11    household purposes, made by a person engaged in the business of lending or arranging for the

12    lending of money or extending credit, and no note or memorandum of it is in writing and subscribed

13    by the Debtor or the Debtor's agent.

14    **Eleventh Affirmative Defense**

15    **(Unconscionable Contract)**

16    40.    The July 1998 Loan and the First, Second, Third, and Fourth Extensions are

17    unenforceable because their terms, including without limitation the interest rates and fees assessed,

18    were unconscionable at the time they were made.

19    **Twelfth Affirmative Defense**

20    **(Unjust Enrichment)**

21    41.    Plaintiff may not recover on the July 1998 Loan and the First, Second, Third, and

22    Fourth Extensions because such would unjustly enrich Plaintiff.

23

24    **Thirteenth Affirmative Defense**
**(Standing)**

25

26    42.    Upon information and belief, Defendant Dynamic assigned all or substantially all of

27    its interest in the July 1998 Loan and the First, Second, Third, and Fourth Extensions.

28    ///

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/687782.1
3/31/08

ADV. PROC. NO. 08-90035-PB/CASE NO. 04-00769-PB11
ANSWER AND COUNTERCLAIMS

EXHIBIT 28
PAGE 352

43.    As to each and every alleged cause of action, Plaintiff lacks standing to assert each such claim.

### Fourteenth Affirmative Defense
#### (Failure of Conditions)

44.    Plaintiff has not fully and fairly performed all conditions precedent to any alleged obligations, if any obligation existed at all, on the part of Defendant, in that, *inter alia*, the July 1998 Loan and the First, Second, Third, and Fourth Extensions were not funded by Dynamic.

### Fifteenth Affirmative Defense
#### (Contract Contrary to Public Policy)

45.    The contract provisions alleged in Plaintiffs Complaint are unenforceable for the reason that they are contrary to the policy of the laws of the State of California in that, *inter alia*, the July 1998 Loan and the First, Second, Third, and Fourth Extensions to same are each usurious.

46.    The July 1998 Loan and the First, Second, Third, and Fourth Extensions to same, including without limitation the general releases contained in the First, Second, Third, and Fourth Extensions to the July 1998 Loan, are each unenforceable in that they have for their object, directly or indirectly, to exculpate and exempt Dynamic from responsibility for its own fraud, willful injury to the person or property of another, misrepresentations to the Debtor and its agents, or violation of law, whether willful or negligent, as such is against the policy of the law in California.

### Sixteenth Affirmative Defense
#### (Failure to Deal Fairly And With Good Faith)

47.    Defendant is informed and believes, and based thereon, alleges that he is exonerated from indebtedness or obligations, if any, as alleged by Plaintiff in its Complaint by Plaintiff's failure to act in good faith and to deal fairly with Defendant as required by law.

### Seventeenth Affirmative Defense

#### (Usury)

48.    Defendant is informed and believes, and based thereon, alleges that the interest rate provisions for the debt in the July 1998 Loan (as defined in the Complaint) provide for an annual interest rate that exceeds the maximum rate allowed under California Constitution, Article XV,

7

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687782.1
3/31/08

ADV. PROC. NO. 08-90035-PB/CASE NO. 04-00769-PB11
ANSWER AND COUNTERCLAIMS

EXHIBIT 28
PAGE 353

1    Section 1(2) for a loan for any use other than primarily for personal, family, or household purposes,

2    which permits a maximum interest rate of 10 percent or the sum of five percent per annum plus the

3    Federal Reserve rate that prevailed on the date that is the 25th day of the month preceding the earlier

4    of the date of execution of the contract to make the loan or the date of making the loan.

5         49.    The interest rate provisions for the debt in the First Extension to the July 1998 Loan

6    (as defined in the Complaint) exceed the maximum rate allowed under California Constitution,

7    Article XV, Section 1(2) for a loan for any use other than primarily for personal, family, or

8    household purposes.

9         50.    The interest rate provisions for the debt in the Second Extension to the July 1998

10    Loan (as defined in the Complaint) exceed the maximum rate allowed under California Constitution,

11    Article XV, Section 1(2) for a loan for any use other than primarily for personal, family, or

12    household purposes.

13         51.    The interest rate provisions for the debt in the Third Extension to the July 1998 Loan

14    (as defined in the Complaint) exceed the maximum rate allowed under California Constitution,

15    Article XV, Section 1(2) for a loan for any use other than primarily for personal, family, or

16    household purposes.

17         52.    The interest rate provisions for the debt in the Fourth Extension to the July 1998 Loan

18    (as defined in the Complaint) exceed the maximum rate allowed under California Constitution,

19    Article XV, Section 1(2) for a loan for any use other than primarily for personal, family, or

20    household purposes.

21         53.    The interest rate provisions in the subject July 1998 Loan and the First, Second,

22    Third, and Fourth Extensions to same are usurious and, by violating the California Constitution,

23    Article XV, Section 1, are null and void under Section 2 of the Statutes of 1919, page lxxxiii.

24    Plaintiff is barred under Section 2 of the Statutes of 1919, page lxxxiii from maintaining this action

25    to recovery that interest in any sum.

26    / / /

27    / / /

28    / / /

8

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/687782.1
3/31/08

ADV. PROC. NO. 08-90035-PB/CASE NO. 04-00769-PB11
ANSWER AND COUNTERCLAIMS

EXHIBIT 28
PAGE 354

### Eighteenth Affirmative Defense

### (Equitable Setoff)

54.    The Defendant is informed and believes, and based thereon, alleges that it is exonerated from indebtedness or obligations, if any, as alleged by Plaintiff in its complaint, as the Debtor may satisfy in whole or in part any judgment or claim (if any) held by Dynamic against it through judgment on claims that it has acquired against Dynamic, as stated in the Counterclaims herein.

### Nineteenth Affirmative Defense

### (Contract Void As Contrary to Express Provision of Law)

55.    The July 1998 Loan and the First, Second, Third, and Fourth Extensions to same are unenforceable because they are contrary to express provisions of law, namely

> (a)    Loan-Sharking; and

> (b)    Usury.

### Other Affirmative Defenses

56.    Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet, unstated, affirmative defenses and reserves the right to assert additional affirmative defenses which will be added by way of amendment to this Answer.

**WHEREFORE,** Defendant prays as follows:

1. That Plaintiff take nothing by the Complaint herein;

2. That Defendant recovers his costs of suit, including reasonable attorneys' and experts' fees if and to the extent permitted by law;

3. That the Court grant such other and further relief as it may deem just and equitable.

### COUNTERCLAIMS

### Factual Allegations

1.    These Counterclaims by the Trustee commence an adversary proceeding within the meaning of Bankruptcy Rule 7001(1).

9

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687782.1
3/31/08

ADV. PROC. NO. 08-90035-PB/CASE NO. 04-00769-PB11
ANSWER AND COUNTERCLAIMS

EXHIBIT 28
PAGE 355

1     2.    Plaintiff states, pursuant to Bankruptcy Rule 7008, that the Counterclaims constitute a

2    core proceeding under 28 U.S.C. § 157(b).

3     3.    Defendant Dynamic asserts a secured claim against North Plaza in excess of $18

4    million, of which Dynamic alleges that $10,500,000 was conditionally paid on May 3, 2005, subject

5    to disgorgement.

6     4.    On or about July 1998, Dynamic and the Debtor entered into the July 1998 Loan (as

7    defined in the Complaint).

8     5.    The July 1998 Loan was secured by a first priority deed of trust on the Debtor's real

9    property consisting of twelve parcels of commercial land located in Temecula, California.  Dynamic

10    recorded a certain deed of trust in the official records of Riverside County on or about July 29, 1998.

11     6.    On or about October 1999, the July 1998 Loan was extended by a First Loan

12    Extension Agreement, which extended the Loan to July 31, 2000.  A related Modification of Deed of

13    Trust was not recorded until on or about March 21, 2000.

14     7.    On or about January 2001, the July 1998 Loan was again extended by a Second Loan

15    Extension Agreement, which extended the Loan (for approximately 2 months) to February 28, 2001.

16    A related Modification of Deed of Trust was not recorded until on or about March 23, 2001, after the

17    Second Loan Extension Agreement had already expired.

18     8.    On or about October 2001, the July 1998 Loan was extended by a Third Loan

19    Extension Agreement, which extended the Loan until July 31, 2002.  A related Modification of Deed

20    of Trust was not recorded until on or about December 7, 2001.

21     9.    On or about October 2003, the Debtor executed a Fourth Loan Extension Agreement,

22    which proposed to December 31, 2003.  Defendant Dynamic never executed the Fourth Loan

23    Extension Agreement.  No related Modification of the Deed of Trust was recorded.

24     10.    Plaintiff is informed and believes, and thereon alleges, that Defendant Dynamic made

25    and arranged the July 1998 Loan and the First, Second, Third, and Fourth Extensions to same with

26    the Debtor while neither specially licensed to make or to negotiate loans nor otherwise exempted

27    from the licensing or usury laws.

28    ///

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687782.1
3/31/08

ADV. PROC. NO. 08-90035-PB/CASE NO. 04-00769-PB11
ANSWER AND COUNTERCLAIMS

EXHIBIT 28
PAGE 356

1    11.    On or about January 28, 2004, an involuntary petition in bankruptcy was filed against

2    the Debtor under Chapter 11 of Title 11 of the United States Code.  On February 27, 2004, the Court

3    entered an Order for relief.

4    12.    On June 7, 2006, Plaintiff was appointed trustee of the estate of the Debtor, North

5    Plaza, LLC, [Docket Index 484], and qualified and is now acting as such trustee.

6    **FIRST CAUSE OF ACTION**

7    **AVOIDANCE OF FRAUDULENT CONVEYANCE**

8    **(11 U.S.C. § 548(a)(2)**

9    13.    Plaintiff Trustee realleges and reincorporates by reference paragraphs 1 – 12 of the

10    Counterclaims, as if fully set forth herein.

11    14.    The obligations by the Debtor to Dynamic and transfers of assets from the debtor to

12    Dynamic were made while the Debtor was insolvent and for less than a reasonably equivalent value.

13    WHEREFORE, the said obligations and transfers are voidable pursuant to section 548(a)(2)

14    of the Bankruptcy Code.

15    **SECOND CAUSE OF ACTION**

16    **AVOIDANCE OF FRAUDULENT CONVEYANCE**

17    **(11 U.S.C. § 548(a)(2)**

18    15.    Plaintiff Trustee realleges and reincorporates by reference paragraphs 1 - 14 of the

19    Counterclaims, as if fully set forth herein.

20    16.    The obligations by the Debtor to Dynamic and transfers of assets from the Debtor to

21    Dynamic caused the Debtor to become insolvent and were made for less than a reasonably

22    equivalent value.

23    WHEREFORE, the said obligations and transfers are voidable pursuant to section 548(a)(2)

24    of the Bankruptcy Code.

25    / / /

26    / / /

27    / / /

28    / / /

11

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/687782.1
3/31/08

ADV. PROC. NO. 08-90035-PB/CASE NO. 04-00769-PB11
ANSWER AND COUNTERCLAIMS

**EXHIBIT 28**
**PAGE 357**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### THIRD CAUSE OF ACTION

### AVOIDANCE OF FRAUDULENT CONVEYANCE

### (11 U.S.C. § 544(b)

17.    Plaintiff Trustee realleges and reincorporates by reference paragraphs 1 - 16 of the Counterclaims, as if fully set forth herein.

18.    The obligations by the Debtor to Dynamic and transfers of assets from the Debtor to Dynamic were made while the Debtor was insolvent and were made without fair consideration.

WHEREFORE, the said obligations and transfers are voidable pursuant to section 4 of the Uniform Fraudulent Conveyance Act and Bankruptcy Code section 544(b).

### FOURTH CAUSE OF ACTION

### AVOIDANCE OF FRAUDULENT CONVEYANCE

### (11 U.S.C. § 544(b))

19.    Plaintiff Trustee realleges and reincorporates by reference paragraphs 1 - 18 of the Counterclaims, as if fully set forth herein.

20.    The obligations by the Debtor to Dynamic and transfers of assets from the Debtor to Dynamic rendered the Debtor insolvent and were made without fair consideration.

WHEREFORE, the said obligations and transfers are voidable pursuant to section 4 of the Uniform Fraudulent Conveyance Act and Bankruptcy Code section 544(b).

### FIFTH CAUSE OF ACTION

### AVOIDANCE OF FRAUDULENT CONVEYANCE

### (11 U.S.C. § 548(a)(2))

21.    Plaintiff Trustee realleges and reincorporates by reference paragraphs 1 - 20 of the Counterclaims, as if fully set forth herein.

22.    The obligations by the Debtor to Dynamic and transfers of assets from the Debtor to Dynamic were made while the Debtor was engaged in business for which its remaining property was an unreasonably small capital and were made for less than a reasonably equivalent value.

WHEREFORE, the said obligations and transfers are voidable pursuant to section 548(a)(2)

12

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687782.1
3/31/08

ADV. PROC. NO. 08-90035-PB/CASE NO. 04-00769-PB11
ANSWER AND COUNTERCLAIMS

EXHIBIT 28
PAGE 358

1 | of the Bankruptcy Code.

## SIXTH CAUSE OF ACTION

### AVOIDANCE OF FRAUDULENT CONVEYANCE

### (11 U.S.C. § 544(b))

23.    Plaintiff Trustee realleges and reincorporates by reference paragraphs 1 - 22 of the Counterclaims, as if fully set forth herein.

24.    The obligations by the Debtor to Dynamic and transfers of assets from the Debtor to Dynamic were made while the Debtor was engaged in business for which its remaining property was an unreasonably small capital and were made without fair consideration.

WHEREFORE, the said obligations and transfers are voidable pursuant to section 5 of the Uniform Fraudulent Conveyance Act and section 544(b) of the Bankruptcy Code.

## SEVENTH CAUSE OF ACTION

### AVOIDANCE OF FRAUDULENT CONVEYANCE

### (11 U.S.C. § 548(a)(2))

25.    Plaintiff Trustee realleges and reincorporates by reference paragraphs 1 - 24 of the Counterclaims, as if fully set forth herein.

26.    The obligations by the Debtor to Dynamic and transfers of assets from the Debtor to Dynamic were made while the Debtor intended to incur debts beyond its ability to pay as such debts matured and for less than a reasonably equivalent value.

WHEREFORE, the said obligations and transfers are voidable pursuant to section 548(a)(2) of the Bankruptcy Code.

## EIGHTH CAUSE OF ACTION

### AVOIDANCE OF FRAUDULENT CONVEYANCE

### (11 U.S.C. § 544(b))

27.    Plaintiff Trustee realleges and reincorporates by reference paragraphs 1 - 26 of the Counterclaims, as if fully set forth herein.

/ / /

/ / /

13

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687782.1
3/31/08

ADV. PROC. NO. 08-90035-PB/CASE NO. 04-00769-PB11
ANSWER AND COUNTERCLAIMS

EXHIBIT 28
PAGE 359

1    28.    The obligations by the Debtor to Dynamic and transfers of assets from the Debtor to

2    Dynamic were made while the Debtor intended to incur debts beyond its ability to pay as such debts

3    matured and without fair consideration.

4    WHEREFORE, the said obligations and transfers are voidable pursuant to section 6 of the

5    Uniform Fraudulent Conveyance Act and section 544(b) of the Bankruptcy Code.

6    **NINTH CAUSE OF ACTION**

7    **AVOIDANCE OF FRAUDULENT CONVEYANCE**

8    **(11 U.S.C. § 548(a)(1))**

9    29.    Plaintiff Trustee realleges and reincorporates by reference paragraphs 1 - 28 of the

10    Counterclaims, as if fully set forth herein.

11    30.    The obligations by the Debtor to Dynamic and transfers of assets from the Debtor to

12    Dynamic were made with actual intent to hinder, delay or defraud the Debtor's creditors.

13    WHEREFORE, the said obligations and transfers are voidable pursuant to section 548(a)(1)

14    of the Bankruptcy Code, and section 7 of the Uniform Fraudulent Conveyance Act and section

15    544(b) of the Bankruptcy Code.

16    **TENTH CAUSE OF ACTION**

17    **AVOIDANCE OF LIEN**

18    **(11 U.S.C. § 506(d))**

19    31.    Plaintiff Trustee realleges and reincorporates by reference paragraphs 1 - 30 of the

20    Counterclaims, as if fully set forth herein.

21    32.    Dynamic's lien in connection with the July 1998 Loan and the First, Second, and

22    Third Extensions to same secures a claim against the debtor that is not an allowed secured claim.

23    WHEREFORE, Dynamic's lien is void pursuant to section 506(d) of the Bankruptcy Code.

24    **ELEVENTH CAUSE OF ACTION**

25    **PRESERVATION OF AVOIDED FRAUDULENT CONVEYANCE**

26    **(11 U.S.C. § 551))**

27    33.    Plaintiff Trustee realleges and reincorporates by reference paragraphs 1 - 32 of the

28·    Counterclaims, as if fully set forth herein..

14

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/687782.1
3/31/08

ADV. PROC. NO. 08-90035-PB/CASE NO. 04-00769-PB11
ANSWER AND COUNTERCLAIMS

**EXHIBIT 28
PAGE 360**

1        34.    The July 1998 Loan and the First, Second, Third, and Fourth Extensions to same and

2 the security interest(s) in the North Plaza real property granted by the Debtor to Dynamic by virtue

3 of the same, are voidable pursuant to sections 544(b) and 548 of the Bankruptcy Code.

4        WHEREFORE, the Trustee prays that the Court:

5              (a)     declare the transfers of assets of the Debtor to Dynamic to be null and void;

6 and

7              (b)     Preserve the transfers avoided and the lien made void under 11 U.S.C.

8 §506(d) for the benefit of the estate.

9

10                    **TWELFTH CAUSE OF ACTION**

11                    **EQUITABLE SUBORDINATION**

12        35.    Plaintiff Trustee realleges and reincorporates by reference paragraphs 1 - 34 of the

13 Counterclaims, as if fully set forth herein.

14        36.    It is expected that the other creditors of North Plaza hold claims in excess of at least

15 $10,500,000.

16        37.    Defendant Dynamic, acting in concert with other parties brazenly misused their

17 dominion and control over North Plaza to further serve its own financial at the expense of North

18 Plaza and its creditors, recklessly and aggressively displaying utter disregard and disrespect for any

19 constituency beyond its own parochial objectives.

20        38.    Defendant Dynamic's inequitable conduct gave it an unfair advantage as claimants in

21 this Chapter 11 case.

22        39.    Defendant Dynamic enhanced its position to the detriment of the Debtor and its

23 creditors.

24        40.    Defendant Dynamic's actions injured the Debtor and its creditors.

25        WHEREFORE, based upon the foregoing, the principles of equity require that (i) defendant

26 Dynamic's secured and unsecured claims asserted against the Debtor be subordinated, (ii) any liens

27 or security interests asserted by Dynamic as security for its claims be declared void and of no force

28 and effect; and (iii) Defendant Dynamic return to the Debtor's estate the May 3, 2005 conditional

15

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687782.1
3/31/08

ADV. PROC. NO. 08-90035-PB/CASE NO. 04-00769-PB11
ANSWER AND COUNTERCLAIMS

**EXHIBIT 28**
**PAGE 361**

1   payment of $10,500,000.

2                  **THIRTEENTH CAUSE OF ACTION**

3                      **RECLASSIFICATION**

4       41.    Plaintiff Trustee realleges and reincorporates by reference paragraphs 1 - 40 of the

5   Counterclaims, as if fully set forth herein.

6       42.    The borrowings of North Plaza from Dynamic were made:

7       (a)    by an insider with dominion and control of the Debtor's financial and operational

8   affairs;

9       (b)    for Dynamic's own ulterior purposes;

10       (c)    at times and in amounts unobtainable from independent sources on ordinary

11   commercial terms, due to the Debtor's overleveraged capital structure, false and inflated inventory

12   levels and values and preexisting liens encumbering substantially all of the Debtor's assets;

13       (d)    with no reasonable expectation of repayment by the Debtor according to their terms,

14   but rather with repayment dependent on the Debtor's success and survival, which defendant

15   Dynamic did not and could not reasonably expect;

16       (e)    in amounts insufficient to support the Debtor's operations and business plans of

17   which defendant Dynamic was well aware;

18       (f)    at times when the Debtor (x) was insolvent or was about to become insolvent, (y) was

19   engaged in or was about to engage in business and transactions for which the Debtor had

20   unreasonably small capital, and (z) was generally not paying its debts as they became due; and

21       (h)    in part to induce vendors and other creditors to continue to extend credit or otherwise

22   do business with the Debtor.

23       43.    The secured claim of defendant Dynamic was in actuality contributions of equity

24   capital.

25       WHEREFORE, the principles of equity require that (i) the claims of Defendant Dynamic be

26   reclassified as equity capital; (ii) the purported liens or security interests asserted by defendant

27   Dynamic as security for the their claims be declared void and of no force and effect; and (iii)

28   Defendant Dynamic return to the Debtor's estate the May 3, 2005 conditional payment of

16

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687782.1
3/31/08

ADV. PROC. NO. 08-90035-PB/CASE NO. 04-00769-PB11
ANSWER AND COUNTERCLAIMS

**EXHIBIT 28
PAGE 362**

1  $10,500,000.

2                    **FOURTEENTH CAUSE OF ACTION**

3                          **CLAIM OBJECTION**

4              **(11 U.S.C. § 502(d)); Fed. R. Bankr. Proc. 3007(a)))**

5          44.    Plaintiff Trustee realleges and reincorporates by reference paragraphs 1 - 43 of the

6  Counterclaims, as if fully set forth herein.

7          45.    Defendant Dynamic asserts a secured claim against North Plaza in excess of $18

8  million, of which Dynamic alleges that $10,500,000 was conditionally paid on May 3, 2005, subject

9  to disgorgement. Said claim has been neither allowed nor disallowed.

10         46.    For the reasons set forth herein in these Counterclaims, the Trustee asserts that

11 Dynamic's claim should be denied.

12         WHEREFORE, Plaintiff prays for:

13             (a)    judgment in the amount of Dynamic's claim, according to proof; and

14             (b)    for an order directing that said claim of Dynamic be disallowed unless

15 Dynamic surrenders to Plaintiff as trustee the sum of in the amount of Dynamic's claim, according

16 to proof, within a time to be fixed by the court.

17                    **FIFTEENTH CAUSE OF ACTION**

18 **RECOVERY OF TREBLE AMOUNT OF INTEREST PAID ON LOAN AGAINST PAYEE**

19                      **TO WHOM INTEREST PAID**

20          **(CAL. UNCODIFIED MEASURES 1919-1 § 3; CAL. CIV. CODE § 1916-3)**

21         47.    Plaintiff Trustee realleges and reincorporates by reference paragraphs 1 - 46 of the

22 Counterclaims, as if fully set forth herein.

23         48.    The interest payment terms of the July 1998 Loan and the First, Second, Third, and

24 Fourth Extensions to same, are usurious and, by violating the California Constitution, Article XV,

25 Section 1(2), which prescribes that a contract in writing for a loan for any use other than primarily

26 for personal, family, or household purposes may not provide for an interest rate that exceeds 10

27 percent per annum or five percent per annum plus the applicable rate of the Federal Reserve Bank of

28 San Francisco on the date that is the 25th date of the month preceding the earlier of the date of

                                        17

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687782.1
3/31/08

ADV. PROC. NO. 08-90035-PB/CASE NO. 04-00769-PB11
ANSWER AND COUNTERCLAIMS

**EXHIBIT 28**
**PAGE 363**

1   execution of the contract to make the loan or the date of making the loan, are null and void under

2   Section 2 of the Statutes of 1919, page lxxxiii. Plaintiff is barred under Section 2 of the Statutes of

3   1919, page lxxxiii from maintaining this action to recovery that interest in any sum.

4        49.    The Trustee is informed and believes, and thereon alleges, that on and after the one

5   year prior to the Debtor's Petition Date, the Debtor made interest payments to Defendant Dynamic

6   on the July 1998 Loan and the First, Second, Third, and/or Fourth Extensions to same. These

7   payments were in excess of the maximum rate of interest allowed by the California Constitution,

8   Article XV, Section 1, and Plaintiff is entitled to recover treble the amount paid pursuant to Section

9   3(a) of the Statutes of 1919, page lxxxiii, as amended by Section 1 of Chapter 784 of the Statutes of

10   1970.

11        WHEREFORE, an assessment of treble damages against Dynamic is proper for all interest

12   paid or payable by the Debtor within the year prior the date of the Debtor's Petition.

13

14                  **SIXTEENTH CAUSE OF ACTION**

15      **RECOVERY OF INTEREST PAID ON LOAN AS MONEY HAD AND RECEIVED**

16                   **(INDEBITATUS ASSUMPSIT)**

17        50.    Plaintiff Trustee realleges and reincorporates by reference paragraphs 1 - 49 of the

18   Counterclaims, as if fully set forth herein

19        51.    On an after the two years prior to the Debtor's Petition Date, but before the one year

20   prior to the Debtor's Petition Date, the Debtor made interest payments to Dynamic on the July 1998

21   Loan and the First, Second, Third, and/or Fourth Extensions to same. These payments were in

22   excess of the maximum rate of interest allowed by the California Constitution, Article XV, Section

23   1, and Plaintiff is entitled to recover the amount paid as money had and received.

24        WHEREFORE, an assessment of damages against Dynamic is proper for all interest paid by

25   the Debtor between one and two years of the date of the Debtor's Petition.

26   / / /

27   / / /

28   / / /

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687782.1
3/31/08

18

ADV. PROC. NO. 08-90035-PB/CASE NO. 04-00769-PB11
ANSWER AND COUNTERCLAIMS

**EXHIBIT 28
PAGE 364**

**SEVENTEENTH CAUSE OF ACTION**

**DECLARATORY RELIEF DECLARING INTEREST PROVISIONS OF LOAN**

**CONTRACT VOID AS VIOLATIVE OF CALIFORNIA CONSTITUTIONAL USURY**

**PROVISIONS**

**(28 U.S.C. §§2201; 2202; FED. R. CIV. PROC. 57; CAL. CONST. ART. XV, § 1)**

52.     Plaintiff Trustee realleges and reincorporates by reference paragraphs 1 - 51 of the Counterclaims, as if fully set forth herein.

53.     An actual controversy has arisen and now exists between Plaintiff and Defendant Dynamic concerning their respective rights and duties in that Plaintiff contends that the estate is only obligated to pay to Defendant Dynamic the principal amount of the July 1998 Loan and the First, Second, Third, and Fourth Extensions to same, and that the interest rates specified in the July 1998 Loan and the First, Second, Third, and Fourth Extensions to same are usurious and should be declared null and void, whereas Defendant Dynamic disputes this contention and contends that Plaintiff must continue paying both the principal amount and the specified interest rate.

54.     Plaintiff desires a judicial determination of the estate's rights and duties, and a declaration that the interest rate provisions of the July 1998 Loan and the First, Second, Third, and Fourth Extensions to same are null and void, pursuant to the California Constitution, Article XV, Section 1 and Section 2 of the Statutes of 1919, page lxxxiii.

55.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain the estate's rights and duties under the July 1998 Loan and the First, Second, Third, and Fourth Extensions to same.

56.     Plaintiff is entitled to recover attorney's fees against Defendant Dynamic in this action under the July 1998 Loan and the First, Second, Third, and Fourth Extensions to same or because Defendant Dynamic is guilty of the felony of loan-sharking under Calif. Uncod. Measures 1919-1 §3(b).

WHEREFORE, a declaration is proper that the interest rate provisions of the July 1998 Loan and the First, Second, Third, and Fourth Extensions to same are null and void and of no force or effect.

19

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687782.1
3/31/08

ADV. PROC. NO. 08-90035-PB/CASE NO. 04-00769-PB11
ANSWER AND COUNTERCLAIMS

EXHIBIT 28
PAGE 365

1    **WHEREFORE,** Counterclaimant Trustee further prays as follows:

2        1. That the Court enter judgment on the Counterclaims against Dynamic and for

3   Counterclaimant Trustee;

4        2. That Counterclaimant Trustee recovers his costs of suit, including reasonable attorneys'

5   and experts' fees if and to the extent permitted by law;

6        3. That the Court grant such other and further relief as it may deem just and equitable.

7

8   Dated:  March 31, 2008           BAKER & McKENZIE LLP

9

10                 By: /s/ _____
                         Ali M.M. Mojdehi

11                          Janet D. Gertz
                         Attorneys for Defendant

12                          Richard  M Kipperman, in his capacity as Trustee
                         for North Plaza LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687782.1
3/31/08

ADV. PROC. NO. 08-90035-PB/CASE NO. 04-00769-PB11
ANSWER AND COUNTERCLAIMS

EXHIBIT 28
PAGE 366

1

**PROOF OF SERVICE**

2        I, the undersigned, declare and certify as follows:

3        I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California. I am employed in the office of FRANDZEL ROBINS

4  BLOOM & CSATO, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 6500 Wilshire Boulevard, Seventeenth

5  Floor, Los Angeles, California 90048-4920.

6        On July 21, 2008, I served true copy(ies) of the **FIRST AMENDED REQUEST FOR JUDICIAL NOTICE**, the original(s) of which is(are) affixed hereto, to the party(ies) listed on the

7  attached service list.

8  ☒     **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it

9        would be deposited with the United States Postal Service that same day in the ordinary course of business. Such document(s) were placed in envelopes addressed to the person(s)

10       served hereunder for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

11

12  ☐     **BY FACSIMILE:** At approximately _____, I caused said document(s) to be transmitted by facsimile. The telephone number of the sending facsimile machine was (323) 651-

       2577. The name(s) and facsimile machine telephone number(s) of the person(s) served are

13       set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the

14       transmission was complete and without error.

15  ☐     **BY E-MAIL:** At approximately _____, I caused said document(s) to be transmitted by electronic mail. The name(s) and e-mail addresses of the person(s) served are set forth in

16       the service list. The document was transmitted by electronic transmission and without error.

17

18  ☒     **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing

       through the Court's transmission facilities, to the parties and/or counsel who are registered

19       CM/ECF Users set forth in the service list obtained from this Court.

20  ☐     **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a

21       courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or

22       provided for, addressed to the person(s) served hereunder.

23       I certify under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

24

25       Executed on July 21, 2008, at Los Angeles, California.

26

                                    /s/Tiffany Lok
27                                  TIFFANY LOK

28

**<u>SERVICE LIST</u>**

**VIA CM/ECF NOTICE OF ELECTRONIC FILING**

- Ali M.M. Mojdehi     ali.m.m.mojdehi@bakernet.com,
  janet.d.gertz@bakernet.com;joseph.r.dunn@bakernet.com;sam.h.aghili@bakernet.com;sdefile@bakernet.com

**VIA U.S. MAIL**

Tiffany L. Carroll
Office of the United States Trustee
402 West Broadway, Suite 600
San Diego, CA 92101
tiffany.l.carroll@usdoj.gov

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

530482.1

2

08-CV-01194-W-CAB